APR 19 2021 AM10:42
FILED - USDC - BPT - CT

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Adrian Santiago,
Plaintiff,

v.

Sodexo,
Defendant(s).

Case No. 3:21cv534-AWT
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 1000 Avalon Way Apt # 4107 Stratford, CT 06614

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: Sodexo resides at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878. Sodexo stationed at 1073 North Benson RD, Fairfield CT 06824

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

☑ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f). Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☐ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age. Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343. Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or §§ 633a(b) and (c).

My Year of Birth is: ________________.

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). ~~Id~~.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): ____________.

(B) ☐ Termination of my employment. I was terminated from my employment on the following date: ____________.

(C) ☐ Failure to promote me. I was refused a promotion on the following date(s): ____________.

(D) ☑ Other acts as specified below: Repetative, Continuous acts of Discrimination based on Race, Color, Retaliation, National Orgin, Hostile work Environment, Threats, Racial Bias, Harassment, Work place Violence and Bigotry.

5. The conduct of the Defendant(s) was discriminatory because it was based upon: race [☑], color [☑], religion [☐], sex [☐], age [☑], national origin [☐] or disability [☐]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: ______________________________

______________________________

6. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

______________________________

7. The approximate number of persons who are employed by the Defendant employer I am suing is: 460,000.

8. The alleged discrimination occurred on or about the following date(s) or time period: From March 8th, 2019 – March 4th, 2020.

9. I filed charges with the:

☑ Equal Employment Opportunity Commission

☐ Connecticut Commission on Human Rights and Opportunities

10. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 1/19/2021.

[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: ~~The Investigator for my case at the EEOC~~

12. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13. WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.):

☑ Injunctive orders (specify the type of injunctive relief sought): ______;

☐ Backpay;

☐ Reinstatement to my former position;

☑ Monetary damages (specify the type(s) of monetary damages sought): ____________________;

☐ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): ____________________;

AND costs and attorneys' fees.

**JURY DEMAND**

I hereby DO ☑ DO NOT ☐ demand a trial by jury.

| | |
|---|---|
| Original signature of attorney (if any) | Adrian Santiago<br>**Plaintiff's Original Signature** |
| Printed Name and address | Adrian Santiago<br>Printed Name and address |
| ( ) <br>Attorney's telephone | ( ) 475-228-3129<br>Plaintiff's telephone |
| Email address if available | adriansantiago82@gmail.com<br>Email address if available |

Dated: 4-18-2021

4-18-2021

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at Bridgeport (location) on 4-19-2021 (date).

Adrian Santiago
**Plaintiff's Original Signature**

(Rev. 3/23/16)



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203-0506
Toll Free Number: (866) 408-8075
Boston Direct Dial: (617) 565-4805
Boston Direct Line: (617) 565-3200
TTY: (617) 565-3204
FAX: (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

Adrian Santiago
1000 Avalon Way, Apt #4107
Stratford, CT 06614

Re: EEOC Charge # 523-2020-01034, Santiago v. SODEXO

Dear Mr. Santiago:

The Equal Employment Opportunity Commission (hereinafter referred to as the "Commission") has reviewed the above-referenced charge according to our charge prioritization procedures. These procedures, which are based on a reallocation of the Commission's staff resources, apply to all open charges in our inventory and call for us to focus our limited resources on those cases that are most likely to result in findings of violations of the laws we enforce.

In accordance with these procedures, we have examined your charge based upon the information and evidence you submitted. You allege that you were subjected to discrimination because of your race (African-American), color, national origin (Hispanic), and were retaliated against for opposing unlawful employment actions, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Based upon this analysis the Commission is unable to conclude that the information establishes a violation of Federal law on the part of Respondent. This does not certify that Respondent is in compliance with the statutes. No finding is made as to any other issue that might be construed as having been raised by this charge.

The Commission's processing of this charge has been concluded. Included with this letter is your Notice of Dismissal and Right to Sue. Following this dismissal, you may only pursue this matter by filing suit against the Respondent named in the charge within 90 days of receipt of said notice. Otherwise, your right to sue will be lost.

If you have any questions, please contact Anthony M. Pino, Jr., Enforcement Supervisor, at 1-617-865-3673, Monday to Friday, during normal business hours.

Sincerely,

__________________ for
Kenneth An
Boston Area Office Director

January 19, 2021
____________
Date

# List injunctive of relief orders

- Sodexo must clear all my EMPLOYEE FILE(s) OF ALL NEGATIVE ITEMS AND FOR Each individual ITEM verified as false and each individual item verified as negative WITHIN MY Sodexo employee FILe(s) will be cleared.

- Sodexo must compose and sign and render me A GOOD REFERRAL FOR ME FOR JOBS.

- I want a copy record of any and all statements turned in about me by Sodexo to any jobs I interviewed for during their background check phase and for every negative statement turned into any/all jobs past and present by Sodexo, Sodexo must send a statement of apology requesting that those employer's remove that negative statement Sodexo turned in about me to their database as well as send in a positive statement about me to each employer, signed and dated by Sodexo.. Job's that I had to have a background check run on me are listed as following:
    1. Yale - per diem cook position
    2. State of CT - Assistant cook position
    3. Sacred Heart University - full time cook position

- ALLOW ME TO REVIEW and present MY EMPLOYEE FILE(s) in the audience of the courtroom jury and judge.

- STATEMENT OF PROMISE THAT SODEXO WILL NOT BLACK LIST MY NAME or SOCIAL SECURITY NUMBER ON THE JOB MARKET. If verifiable that Sodexo had my name and social security number black listed on the job market, Sodexo must have my name cleared from that blacklist, a statement signed and dated promising to never have my name and social security blacklisted ever again.

- Sodexo must sign a general release agreement composed by me stating that Sodexo, Sodexo employees, Sodexo affiliates, Sodexo Subsidiaries will not attempt to file a lawsuit against me.

- Sodexo must retrieve a written statement signed and dated containing an apology for discriminating against me as well as including a promise that there will be no action in form of lawsuit, retaliation, complaint and or criminal offense conducted against me after leaving the Sodexo, Sodexo Employees, Sodexo Management, Sodexo Affiliates.

- Sodexo must pay all court fees and court related fees regarding this lawsuit.

## List monetary orders

- I seek that Sodexo pays me $2,000,000.00, two million dollars and zero cents, via form of direct deposit into my bank account in monetary compensation for having to suffer discrimination, harassment, and abuse that I had experienced throughout the duration of my employment. This experience has truly left me scarred.

- I seek that Sodexo pays me $10,000.00 per item, ten thousand dollars and zero cents per item, via form of direct deposit into my bank account as form of monetary relief compensation.FOR Each individual ITEM verified as false and each individual item verified as negative WITHIN MY Sodexo employee FILE(s).

- I seek that Sodexo pays me $10,000.00 , ten thousand dollars and zero cents, via form of direct deposit into my bank account as a form of monetary compensation for every negative document turned in about me to any other employer/ potential employer by Sodexo during their background checks.

- I seek that Sodexo pays ME $50,000.00, fifty thousand dollars and zero cents via form of direct deposit into my bank account as a form of monetary compensation, if verifiable that Sodexo has caused my name or social security number to be black listed from the job market.

- I seek that Sodexo pays all court fees and all court related fees regarding this lawsuit.




Employer Name: Sodexo, Inc. & Affiliated Companies
Employer Corp. 9801 Washingtonian Blvd
Address Gaithersburg, MD 20878
Employer Phone# (877) 729 7396

Offer of Employment

Date: 2/27/2019

Name: Adrian Santiago
Address: 1000 Avalon Way Apt #4107
Stratford, CT 06614

Dear Adam,

Sodexo is pleased to offer you the Catering- Cook II position with our company. The details of your offer are listed below:

| | |
|---|---|
| Position: | Catering –Cook II at Fairfield University in Fairfield, CT |
| Job Status: | Full Time |
| Direct Supervisor: | Nick Pawlowski |
| Start Date in New Position: | 3/8/2019 |
| Rate of Pay: | $20.00/hour |
| Overtime Rate: | $30.00/hour (1.5 times the regular hourly rate of pay for hours worked over 40 in a work week) |
| Regular Pay Day: | X Weekly on Thursday |
| Pay Week: | Friday through Thursday each week |
| Paid Time Off: | For full-time, benefits-eligible employees: Refer to Frontline Employee Holiday Policy, and Paid Time Off benefits documents. |

Health and Welfare Benefits: refer to Frontline Employee's Benefits-at-a-Glance.

Sodexo is proud to offer automatic enrollment in the Sodexo 401(k) Retirement and Savings Program at 1% of your salary. You can expect to see a decution in your paycheck within 30 to 45 days from your hire date. You will be receiving an enrollment kit from ING, detailing the steps you need to follow up to take full advantage of the Sodexo Retirement and Savings Program. (*Note that if you do not wish to participate in the Sodexo Retirement and Savings Program you must actively opt-out of the program by following the instructions in the enrollment kit*).

Sodexo offers you two fast, easy and safe ways to get paid: **Direct Deposit to a Bank Account** *or* **Direct**

**6.) The facts surrounding my claim of employment discrimination are as follows. [Attach additional sheets if necessary]: Please refer to the attached Documentation.**


WHO IS SODEXO?
SODEXO IN THE WORLD
$23.2B revenue
19th largest employer
460,000 employees
72 countries
32,700 sites
100 million consumers served each day
SODEXO IN NORTH AMERICA
$8.7B revenue
157,000 employees
7,975 sites
2,800 facilities
15 million consumers served each day
DiversityInc
2020 TOP 50
COMPANIES FOR DIVERSITY
HALL OF FAME
BEST PLACES TO WORK
2019 for LGBTQ Equality
100% CORPORATE EQUALITY INDEX
FORTUNE
WORLD'S MOST ADMIRED COMPANIES 2018
BEST OF THE BEST 2019
Black Journal
SAM
Sustainability Award
Gold Class 2019
ThinkVision

Discrimination Type:
Action(s)/Event(s):
Details:
Proof:
Witness:
Discrimination Type: Racial Discrimination, National Origin Discrimination, Discrimination of Color
Action(s): Matthew Cuminotto (Cook II, Caucasian) Racial Discrimination of me speaking the Spanish Language,
Details:

On September 21st, 2019 I was working with some of the serving staff from a third party staffing agency to give them details about the food we were serving in the event. Some of the staff I was speaking spanish to about the food and Matthew took it upon himself to interject himself into our conversation that he was not a part of saying racially discriminatory things towards me such as "This is America speak English" and "None of that Spanish Speaking.

Proof:
Witness:

Discrimination Type: Hostile Work Environment Discrimination of Color
Action: Adam Zikaras (Management, Causcasian) Hostile work environment (Discrimination)
Details:

On September 21st, 2019 I was working and the whole evening Adam Zikaras was cursing at me on multiple occasions and creating a hostile work environment for me. It started as I was asked by Adam to created a Cesar salad for "Family Meal" otherwise known as staff lunch. Being a culinarian I understand people may have allergies and we had a lot of Third party staff so I ensured to put all the components of the salad separately. I started with the romaine Lettuce of the salad, putting it on the front table and as I walk back towards the "Walk-in Refrigerator" Adam yells my name, I turn around and he slams the salad on the table I am standing next to right infront of my face yelling "This is not a fucking salad" I tell him "Adam I'm putting the components for the salad in separate individual containers from the Romaine incase someone may be allergic to something and everyone can eat". Adam didn't care to listen to me he just cut me a dirty look and walked to another area of the kitchen all of this took place right infront of Chef Nick (Caucasian, Management). Nick said "That's uncool, I will go talk to him". Instead of talking to Adam right then and there when the incident took place and he witnessed it, Nick brought me over to our production board and gave me a task of cooking chicken tenders and French fries buffet style, Nick instructed me to start cooking at 6:30pm on the dot and have the food in the buffet hotel pans inside a heated food delivery warming unit ready for Nino Marrero (Hispanic, serving staff) to deliver by 7:30pm. Nick told me to set an alarm on my phone to remind myself to start cooking the food at 6:30pm and have it ready by 7:30pm. Nick told me he had to leave to cater another event somewhere else , it was a busy day to say the least..

However, after Nick left, Adam became increasingly aggressive towards me, our department management had third party culinary and serving staff members come in to work to help with the big event our department was catering. Sarah (Caucasian,3rd party culinary staff) as well as Zach (Caucasian,3rd party culinary staff) were the staff who came to aid in the kitchen cooking. Adam told Zach to work with him on the hot food front line and he looked over at Sarah and said "Make some chimichurri sauce" and walked off with Zach. Sarah looked over at me for some guidance because Adam did not provide her the proper tools to do the job he asked her to do and it was her first time being in our kitchen. Adam didn't tell Sarah where she could find any equipment such as knifes or where our food product was stored, he didn't provide her a recipe for the sauce and didn't even let her know how much he wanted her to make all he did was order her saying "Make Chimichurri Sauce" and walk off with Zach. I began to help Sarah get set up and Adam started to walk by the production board so I asked him "Hey Adam, how much chimichurri sauce do you need Sarah to make? Adam told me how much he needed then proceed to ask aggravatedly "Why are you helping her" and I responded "I was helping her get set up she needs someone to show her where everything is in the kitchen" Adam became upset with me and he yelled at me infront of Sarah "You are not the fucking boss, I am the boss, you don't give orders, stop trying to be the boss you are paid to cook and that's it!". Transitioning to serving appetizers for the event, shrimp cocktail, Rosemary crackers topped with marinara sauce, grana padano parmesan shreds and a parsley leaf for garnish and other horderves, I was making sure the servers passing out the h' orduves knew what they tasted like to give the clients their impression of the food and what they liked about it. Whilst doing my job Adam was harassing and antagonizing me, he would pass by every so often and say things such as: "You don't get paid to talk", "You are not a supervisor" " You don't know how to cook". I kept my professionalism and focused on the work. Transitioning to the front hot food line where Adam dumped his unyielding rage on me.. The clock struck 6:30pm and I was initiated into the task that Nick instructed me to cook the buffet style chicken tenders and French fries to have them ready for Nino to bring to his event for the college students at 7:30pm. Adam a few steps away yelled over at me "What the fuck are you doing?" I replied "I am getting the food ready for the event for Nino." Adam continued yelling and cursing at me and being very aggressive getting in my face, pointing his finger in my face etc.. Sarah after seeing enough of Adam treating me like a dog spoke up on my behalf to try to get Adam Zikaras to stop which he did not, he continued to harass me and curse at me.. The whole environment felt dangerous and extremely uncomfortable, I reached out to Nicholas Pawlowski (Management, caucasian) that same evening starting by text then by call about Adam's cursing at me being hostile toward me. Proceeding forward Nicholas Pawlowski returned to the work area later that evening after the event he was catering and I talked about the situation with him and submitted a document about this case to him. Chef Nicholas even himself stated he believes that Adam seriously had something personal against me and told me he called HR on my behalf about this. I had spoken up on many occasions to Nick and HR about Adam's behavior in the workplace toward me and that I felt like I had a target on my back because of his discriminatory behavior. Sodexo in their response turned into the EEOC for the mediation conducted by the EEOC Mediator Elizabeth Marcus, stating they received documents containing witness statements regarding the situation of Adam's behavior toward me.

Snippet from documentation Sodexo Turned into the EEOC stating they have witness statements about Adam Zikaras -

QUALITY OF LIFE SERVICES

Mr. Stancil [redacted]

Mr. Santiago is disingenuous in his charge to allege that he complained to Mr. Pawlowski on September 21, 2019 about Adam Zikaras' treatment and was told only that "it was Adam Zikaras first leadership position and they were training him." Mr. Santiago infers that no action was taken. This is simply not true. Following Mr. Santiago's complaint to Mr. Pawlowski on September 21 that Mr. Zikaras had yelled at him in front of others, Mr. Pawlowski met with Mr. Santiago and Mr. Zikaras; Mr. Zikaras apologized to Mr. Santiago. Subsequently, Mr. Santiago reported that Mr. Zikaras had yelled, sworn, and was slamming things around when Mr. Santiago said he had received a good evaluation. On September 26, 2019, Mr. Pawlowski contacted the PeopleCenter for assistance with the concerns that Mr. Santiago had raised and was assigned to Nora Bendetti[13] (Caucasian), Employee Relations Manager. Mr. Spizzoucco assisted in the investigation at the unit. Mr. Zikaras was placed [redacted] witness statements were provided by both Mr. Santiago and Mr. Zikaras. Two other employees provided statements of recent interactions with Mr. Zikaras in which he used profanity and badmouthed his manager and coworkers. A review of Mr. Zikaras' file found: [redacted]

Proof:

1. Refer to Employee file for document of case.
2. Sodexo Document uploaded to EEOC

Witness:
Sarah (Third Party Staffing)

Discrimination Type: Hostile Work Environment
Action: Adam Zikaras (Management, Causcasian) Discriminating against me
Details:
On September 25th, 2019 - Everyone was receiving their employee evaluations, everyone was aware because management announced this to all of the employees within the workplace what day they were hosting the evaluations. After receiving mine and returning back to work Adam Zikaras asks me about my evaluation. I responded saying "Good". Then Adam gets flustered and upset saying some very demeaning and rude things and cursing at me as if my presence at the workforce is a bane upon him and everyone else there. Adam then threatens to call HR on me even though I have not said anything in retort to his offensive discriminatory use of words toward me. I informed management and submitted a document to management regarding Adam's offense toward me.

Adrian
Page 2.

Subject: Wednesday [illegible]

Date: Wednesday [illegible]
Time: [illegible]
Location: Front Line of the Kitchen

[illegible]

Proof:
Witness:

Discrimination Type: Racial Discrimination, Hostile Work Environment, National Origin Discrimination
Action: Adam Zikaras (Management, Causcasian) saying this is America Speak English to me.
Details:
9/21/2019- Whilst I was working with Hispanic staff to accomplish work related goals, Adam (Sous Chef) would say “This is America Speak English”.
Adam Zikaras would also say to Sigfruedo Marrero whom we all would address at work as Nino Marrero (Hispanic, Non-Management, serving staff). Adam would say to Nino “This is America Speak English” in times where Nino would speak Spanish such as with me and we would talk about church or in other times where Nino would talk to other staff who spoke Spanish making casual conversation on the job. When Adam would make those racial directive orders to Nino, Nino would respond saying “America has more than one language and you shouldn’t be rude

like that, that's pretty racist". Instead of taking Nino's Advice and stopping with the racism in the workplace, Adam made it his business to escalate the situation by threatening Nino. Adam would provoke and threaten Nino saying things such as "If you have a problem we can talk about this outside, we don't like that kind of stuff around here" Adam would try to get in Nino's face a lot and try to "Pump-Fake him" to antagonize him purposely expressing and invoking his violent intentions. Adam would even go as far to stalk Nino into the bathroom and harass him blatantly and would openly talk about it in the workplace in the audience of white management and instead of addressing the actions, they were complicit and even in agreement with Adam Zikaras and his radical racism.

Proof:
Witness:

Discrimination Type: Employment Discrimination & Retaliation
Action: Human Resources putting False documents within my employee file and using against .
Details:
On October 29th 2020, Elizabeth Marcus alongside Holly Holmes of the EEOC hosted mediation between Sodexo and I in order to reach a settlement agreement. During that mediation there was a statement turned in by Sodexo to the EEOC which Ms. Marcus informed me of information that Sodexo placed within my employee file and turned into the EEOC. This information placed within my file stated that I had a physical meeting with Daria Barin ( Human Resources Staff) & someone named Curtis Stancil ( Human Resources Staff) to discuss the hostile work environment and discriminatory treatment I was receiving from Adam Zikaras (Sous Chef).

This information that Sodexo has placed within my file is **FALSE**. This is employment discrimination to hold and maintain false information within an employee's work file.
This is also retaliation because Sodexo use this false information as a valid documentation to support against my charge of discrimination.

Proof:
Witness:
My mother -Vikki-Wood Santiago
My Aunt -Sherri Wood

Discrimination Type: Color Discrimination & Employment Discrimination & Workplace Harassment.

Action: Management attempting to administer disciplinary action toward me without valid reasoning.
Details: On February 28th 2020, Matthew Cuminotto lied to management about me being verbally abusive towards him. Management started composing documentation based on the lie

Matthew told them in order to engage disciplinary action against me before hosting a thorough investigation. I would find myself in a spiral of being pulled into meetings by white management who would rudely confront me about this lie and state it on paper and verbally that they believe I have a grudge against Matthew. However management would pull Matthew into the meetings and they would tell him to repeat what I would say to him, and Matthew would say a lie and the white management would escalate the situation telling me things such as "If this continues we're going to have to let you go". Yet when I, an (African American/Hispanic person) try to explain and defend myself, the white Management would not listen to me and took every measure to disregard any statement that I would make about having a witness that could also prove my innocence. Management was not interested in hearing, or acknowledging the truth, they only wanted to engage me with an iron fist with their racially biased system.

**Spizzoucco, Mark**

| | |
|---|---|
| **From:** | Pawlowski, Nick |
| **Sent:** | Tuesday, March 3, 2020 6:00 PM |
| **To:** | Spizzoucco, Mark |
| **Subject:** | Adrian & Matt Issue |

Last week I was away at client meetings and when I came back to the unit Meghan told me that Matt had come to her saying Adrian was flat out refusing to make cookies that they needed on the fly. No one addressed the issue while I was away. I pulled Adrian aside in the dining room and asked what happened and asked if he refused to make the cookies. He says he didn't say that at all.
At this point, I asked Matt to come talk with us as well and told them that they have to get along in order for the operation to be successful. Also I told them they have to work as team and there have to be some people asking for help and assistance its just a fact of the matter that happens at almost any job. Also I asked that they be respectful of each other and watch their body language and how they respond to each other. I asked that if they had minor issues with each other that they try to talk it out on their own if they can. They shook hands at the end of this meeting and said they work on it.

On Friday 2/28 when everyone new I was in client meetings, Adrian texted me " I know you are busy but. . . " and then proceeded to give an explanation of things being stored incorrectly and taking a picture of something Matt had done wrong.

On Saturday evening 2/29, at the Celebrate Your Senior Night event as I was getting ready to leave for the night, I was going over shut down with Matt and Adrian separately. When I spoke to Adrian it still seemed like he was upset about something and I asked what was wrong, and said he was still upset about the other day. I asked why did he shake on it with Matt then. He said he had a witness that what Matt said that went down didn't really happen and that he had talked to Beth about this issue after I had already addressed it him and Matt. I told him that I thought we already handled this issue between them and seemed like he wasn't letting it go.

Nick Pawlowski
Senior Catering Executive Chef

Fairfield University
200 Barlow Road
Conference Center @ Fairfield University
Fairfield, CT 06824
Sodexo: Nick.Pawlowski@sodexo.com
Office: 203-254-4000 x. 3039
Cell: 203-804-0468

**Sodexo**
**World Leader In Quality of Daily Life Solutions:** www.sodexoUSA.com
Join in the fight against hunger: www.helpSTOPhunger.org

Discrimination Type: Color & Racial Discrimination
Action: Adam Zikaras (Management, Causcasian) Racial Slurs
Details:
As I saw my colleague Derrick (Dishwasher, African/American) enter the kitchen area and he came over to me next to the food cook line to give me a friendly handshake, it is very physically oriented where we shake hands and pull in and hug our arm around the back of the other person, and let go. We were next to the food cook line and Adam happened to be working in front of the oven next to there and Adam for no good reason at all said to you "You people with your black shit, get out of the way".
Proof:
Witness:

Discrimination Type: Religious Discrmination
Action: Adam Zikaras (Sous Chef, Causcaian) Religious Discrimination and Bigotry
Details:

I was talking about church with Nino Marrero (Front of house staff) in our own side conversation. While overhearing our conversation, Adam Zikaras blurted out religious slurs such as "The only reason people go to church is because they are bastards that don't pay taxes".

Many times in the workplace Nino was subjected to religious slurs, racial slurs, workplace violence and discrimination by Adam Zikaras.

Adam would make religious slurs to Nino such as "Jesus isn't real" "I'll be waiting for Jesus to come take me to hell so I can beat his ass".

Adam would repeatedly blurt out religious slurs to Nino in an offensive antagonist manner such as "What would Jesus do" and management would not address and stop Adam from doing this.

In the absence of upper management Adam would call Nino out to fight saying "Ayo you got a problem we can go outside and handle this right now". To be clear this was not just a one time statement, Adam would make this into an altercation getting into Nino's face bucking at Nino and trying to "Pump Fake him" while repeating to him "Let's go outside, let's handle this right no, Let's go"

Adam Zikaras would even stalk Nino Marrero in the bathroom on multiple occasions and would make it public knowledge and management did not take any form of corrective action about it and Nino had reported this to management formally and they still did not take any corrective action about this.

Proof:
Witness:

DiscriminationType: Racial Discrimination
Action: Matthew (Cook II, Caucasian) & Adam Zikaras (Management, Causcasian) Racial Bigotry and biased treatment
Details:
Matthew Cuminotto had a clear racial bias for the Hispanic workers within the workplace. He would treat us like dogs. Matthew would say things like "Fuck Nino" "Nino is a fat piece of shit". For myself I was told by Nino Marrero as well as Peter Cruz (Stuart, Hispanic) that in my absence from the workplace both Adam and Matthew took pleasure in Slandering in the presence of other white management and their behavior was never corrected; it was condoned.
Proof:
Witness:

DiscriminationType: Retaliation Discrimination
Action: Threats by Mark Spizzouco (Management, Causcasian)
Details:
On 3/4/2020- I was called into a mediation meeting with Matthew Cuminotto in an isolated room full of all white management. While explaining that I had a witness to the events (Nino Marrero) and that I was not hostile or aggressive to Matthew and that he was lying.. Management was resistant to listening to my version of events yet gave full undivided attention to Matthew when he spoke. From my perspective the meeting was very biased and designed to cover up the true events of that day. It is evident that management prioritized in their documentation and in their actions the protection of my white co-worker who was lying and not listen to a word I had to say. When I continued to try to defend myself in a professional manner Mark Spizzouco became infuriated and threatened me stating that "The law will not protect you from me" and "I will fabricate a document right now about you and go out into the kitchen and make everyone sign this document stating you were saying slurs and engaging in hostile work behavior".
A closer look at the disciplinary documents conjured by management proves that this threat is not a bluff because that document itself is proof enough because within the contents of the document, management presented me in a hostile & aggressive manner within that document, they signed the document (Scott Hibson, Manager Signed to the Document), and placed it within my employee file without hosting a thorough investigation. They also submitted that same signed document to the EEOC which presents me in an aggressive and hostile manner as their own form of evidence. I do not believe this is the only time that Sodexo has done this to an AfricanAmerican Employee or Hispanic employee which is why their management is comfortably accustomed to committing these discriminatory acts against African American employees or Hispanic employees without fear of consequence or regard for their being.
Proof:



# Constructive Counseling Notice

| | | | |
|---|---|---|---|
| **Employee Name:** | Adrian Santiago | **Date Counseling Delivered: 3/2/20** | |
| **Employee ID#: 6493933** | | **Account Name & Dept: Fairfield University Catering Department** | |
| **Employee Position:** | **Cook II** | **Supervisor's Name: Nick Pawlowski – Executive Chef III** | |
| **Type of Constructive Counseling (Check one):** | **WRITTEN COACHING X** | **WRITTEN WARNING** | **TERMINATION** |

1. **Describe the unsatisfactory performance, behavior or conduct that led to this disciplinary action. (Provide specific details to include date and place.)**

   **Adrian Santiago and fellow co-worker Matt Cuminotto became engaged in unacceptable behavior towards one another. This behavior took place while working working together. Actions which could include loud or abusive language, inappropriate body language (waving of hands, turning of heads and rolling of eyes) etc.**

2. **Who observed the behavior?**
   **Executive Chef Nick Pawlowski**

3. **Describe what effect the employee's unsatisfactory performance, behavior or conduct had on the workplace.**

   **These actions created a disturbance and decension in the workplace or as part of a remote catered event.. Sodexo HandBook pg. 46 line 12 Disorderly Conduct and pg. 47 line 2 Ethical Conduct Treat others fairly with dignity and respect.**

4. **Describe the expected performance, behavior or conduct of the employee in the future and the expected timeframe for the employee to achieve satisfactory performance, behavior or conduct.**

   ***Adrian must refrain immediately from any further inappropriate behavior as stated above. Matt must maintain a professional and cohesive work relationship with all co-workers , staff, management and clients.**



Confidential and Proprietary To Sodexo



Constructive Counseling Notice

5. Describe what the consequences are for failure to correct.

Failure to correct this behavior will result in continued steps of the Sodexo coach and counseling process, up to and including discharge.

6. Has the employee been told about the Promise of Respect & Fair Treatment? YES x NO

Under the Promise of Respect & Fair Treatment, you have the right to appeal this action. To do so, please contact:

Name: Phone Number:

Manager's Signature — Date: 3-4-20

EMPLOYEE ACKNOWLEDGEMENT:

Employee Comments: Adrienne Refused to Sign –

Employee Signature — Date — Witness Signature — Date: 3/4/20

The employee's signature does not necessarily indicate agreement with the contents of this Constructive Counseling Notice but does, at least, acknowledge receipt of the form and the content (or lack) of employee comments. An employee's decision not to sign the form should be noted on the employee's signature line, preferably with a witness present. The witness should initial the notation of refusal to sign as well.




## Constructive Counseling Notice

**(Distribution: Original to employee's file, Copy to employee)**



Confidential and Proprietary To Sodexo

Witness:

Discrimination Type: Retaliation Discrimination
Action: Duane Gornicki (Management, Causcasian) continuously tells me that I have anxiety and that I am confused
Details:
On January 23rd, 2020 - During mediation with Adam Zikaras and Duane Gornicki. I explained my feeling of being discriminated against and being targeted by Adam Zikaras. Duane didn't truly listen to what I said but rather undermined my situation and said "I believe you have a sensitivity issue" " You just have anxiety" and "You are just confused about Adam". I informed him I am not confused about the blatant treatment I was receiving by my supervisor counterpart but instead of correcting his actions which Adam confessed to on multiple occasions, Duane prioritized the protection of my white colleague.
Proof:
Witness:

Discrimination Type:
Action/ Event: Sodexo Human Resources.
Details:
On November 25th 2019 I called Human Resources and was connected to Daria Barin (Sodexo Human Resources).
I had informed Daria about the discrimination taken place within the workplace. She told me she would investigate the case and she asked me what would be the best way to communicate.
I told her email was best and gave her my email info and she gave me her email info "Dariamauro@Sodexo.com" as well as she gave me her phone number to call her.
I noted her email down on my cell phone in a note which kept a log of our call.
When I tried emailing Daria at the email address she had provided for me, I got a notice stating that the email address was invalid.
I tried calling on several occasions during Sodexo Human Resources hours of operation and could not reach her.
Daria had closed the case work under my online profile-



# Issues in the Workplace with the Sous Chef

| CASE ID: | STATUS: | CREATED: | SUBMITTED VIA: |
|---|---|---|---|
| 00815013 | Closed | 11/25/2019 | Phone |

This case is now closed. To follow up on this question/case, please send us a new question

## CONTACT INFORMATION

SUBMITTED BY

Adrian Santiago

PHONE

(475) 228-3129

EMAIL

adriansantiago82@gmail.com

PREFERRED METHOD OF CONTACT

Phone

## ABOUT YOUR QUESTION

TITLE

Issues in the Workplace with the Sous Chef

## RESOLUTION NOTES

Provided guidance

Notes & Attachments

| Type | Date | Note | File Name | Size |
|---|---|---|---|---|

I continued to call with no response yet Daria once again updated the case under my work profile to have a status from closed to “Resolved” yet again no notes were placed under my work profile about the case what-so-ever.
Proof:




I did not reach Daria until January 17th, 2020 at 3:25pm.
Proof: T-mobile Phone call history snippet of call with Daria

| 01/17/2020, 03:25 PM | 1-855 # | (855) 763-3964 | 20 Min | -- |
|---|---|---|---|---|

Call with Daria Jan 17th 2020-
During that call I informed Daria of the ongoing discrimination that I was experiencing. Daria told me that she closed the case because she did not get in touch with me and I informed her that I tried calling her and left voicemails and never was able to get through to her line, and that the email address she gave to me was invalid and that she never emailed me from the email address she gave me when I told her that was the form of contact I wanted to take with the

case. After I informed her of details of the discrimination, Daria stated that she would come to the unit facility in person to host a meeting in person with Adam and myself about the discrimination.
Ms. Daria never hosted a meeting in person with Adam and myself.

Furthermore- Sodexo completely removed the case file from my electronic employee profile and it is no longer visible.

EEOC meeting October 9th 2020 11am-
When the EEOC hosted the mediation between Sodexo and I, it was brought up by the EEOC that Sodexo turned in documentation from my employee workfile stating that Ms. Daria and I had a meeting along with someone named Curtis Stancil. This documentation is false.

Proof:
Witness:

Discrimination Type: Employement Discrimination
Action(s)/Event(s): Nicholas Pawlowski (Management, Causcasian) constructed a document containing information stating I was targeting another employee in a text message I sent to him. Then used that same documentation to conduct disciplinary actions towards me. That document is false, the text message I sent was work related regarding food safety.
Details:
Proof:


10:52
Nick Sodexo
+12038040468
Friday, February 28, 2020
Hey Nick I understand that you are busy but there seems to be a huge hustle going on with the coolers being organized and although I see nothing wrong with that. The food safety needs to be taken into consideration because raw bacon is being put above vegetables so I just wanted to let you know.


10:52
Nick Sodexo
+12038040468
wanted to let you know.
MMS 12:04 PM
N
Hey Adrian how much are you on your break
3:46 PM

**Spizzoucco, Mark**

| | |
|---|---|
| **From:** | Pawlowski, Nick |
| **Sent:** | Tuesday, March 3, 2020 6:00 PM |
| **To:** | Spizzoucco, Mark |
| **Subject:** | Adrian & Matt Issue |

Last week I was away at client meetings and when I came back to the unit Meghan told me that Matt had come to her saying Adrian was flat out refusing to make cookies that they needed on the fly. No one addressed the issue while I was away. I pulled Adrian aside in the dining room and asked what happened and asked if he refused to make the cookies. He says he didn't say that at all.
At this point, I asked Matt to come talk with us as well and told them that they have to get along in order for the operation to be successful. Also I told them they have to work as team and there have to be some people asking for help and assistance its just a fact of the matter that happens at almost any job. Also I asked that they be respectful of each other and watch their body language and how they respond to each other. I asked that if they had minor issues with each other that they try to talk it out on their own if they can. They shook hands at the end of this meeting and said they work on it.

On Friday 2/28 when everyone new I was in client meetings, Adrian texted me " I know you are busy but. . . " and then proceeded to give an explanation of things being stored incorrectly and taking a picture of something Matt had done wrong.

On Saturday evening 2/29, at the Celebrate Your Senior Night event as I was getting ready to leave for the night, I was going over shut down with Matt and Adrian separately. When I spoke to Adrian it still seemed like he was upset about something and I asked what was wrong, and said he was still upset about the other day. I asked why did he shake on it with Matt then. He said he had a witness that what Matt said that went down didn't really happen and that he had talked to Beth about this issue after I had already addressed it him and Matt. I told him that I thought we already handled this issue between them and seemed like he wasn't letting it go.

Nick Pawlowski
Senior Catering Executive Chef

Fairfield University
200 Barlow Road
Conference Center @ Fairfield University
Fairfield, CT 06824
Sodexo: Nick.Pawlowski@sodexo.com
Office: 203-254-4000 x. 3039
Cell: 203-804-0468

**Sodexo**
**World Leader In Quality of Daily Life Solutions:** www.sodexoUSA.com
Join in the fight against hunger: www.helpSTOPhunger.org

1

Witness:

Discrimination type: Hostile Work Environment Discrimination
Action(s)/Event(s): Matthew Cuminotto (Cook II, Caucasian) lying to management about my verbal conduct towards him. February 28th, 2020
Details- Matthew Cumminoto would invade my personal space in the workplace on multiple occasions without reason and then would go to management and tell them I say things that are offensive and rude and disrespectful to him with the full intent to get me in trouble in the workplace. Nino Marrero and I were working together on a workplace project and Matthew interjected himself in what we were working on. Quite some time later Nicholas Pawlowski (Management, Caucasian) walks into the kitchen after a meeting with his client and expresses

angrily that he is angry and wants to talk to me right now. He tells me to stop what I am doing and meet in a side room.
Then Nick dumps his thoughts telling me Matthew is telling him that I said to him "You're not my boss, get out my face, I don't have to listen to you, screw off, I am not making cookies".

Nick is telling me Matthew is saying to him that I am doing this such as : Waving my hands in his face, yelling at him, making him uncomfortable.
Nick asks me if I said to Matthew"I am not going to make cookies". I tell Nick that all of what Matthew told him is not true about me.
Nick calls Matthew into the room and asks him what happened.
Matthew pretends to be confused and acts as if he didn't know what to say as if he forgot everything he told Nick a few minutes ago.
Nick tells us to get along and no arguing we need to work together and I agreed that is true however I said I don't believe it's right that he should feel comfortable telling you that this is how I act toward him when it is not true and I have a witness that can speak to that… Nick undermined what I said and instead said "We don't have time for an investigation. You both better just behave" then Nick hustles out of the room to meet his next client. I tried to leave it alone but find myself pulled in more meetings with the situation escalated showcasing me in an aggressive manner and white management defending my white coworker even though at every point I stated I have a witness to even further verify that this was situation is based completely on a lie yet management dealing with this case all of whom being causcasian defended my white co-worker, and whenever I stated I had a witness and told them they need to investigate further stated that they have no time to host an investigation over this, this is not worth their time, yet tried to deliver punishment and disciplinary actions and tried to get me to sign documents stating I was engaging in hostile work behavior toward my colleague and whilst in the same document portraying Matthew as an upstanding and honest and integral hardworking employee. This is clear racial bias and employment retaliation on Sodexo's end and discrimination from Matthew towards me for always lying about me to management to set me up.
Witness- Nino Marrero

EEOC Settlement mediation

October 9th, 2020

Hosted by Elizabeth Marcus EEOC Mediator

Attendants

Adrian Santiago (Me)

Sherri Wood (My Aunt)

Vikki Wood-Santiago (My Mother)

Hali Bushman (EEOC)

Michael Ward (Sodexo Vice President)

Cheryl Galvez (Sodexo Senior EEO Representative)

**Settlement Mediation Conclusion –**

No settlement reached

**Sodexo Statement –**

This is not a case about self-worth etc. and they believe they took lawful action.

**My Retort Documentation for court (Not discussed during mediation) -**

Civil rights within the workplace are lawful and must be upheld. My civil rights were neglected and are worth the compensation.

**Sodexo statement-**

Daria spoke to me twice employee relations manager. Seen me in person with Curtis Stancil and had a meeting with us.

**My Retort Documentation for court (Not discussed during mediation) -**

This information is a lie, I never met physically with Daria as she stated she would come to my work unit to deal with the situation that took place. Also I do not even know who Curtis Stancil is I never met, spoke with, had any form of contact with a person named Curtis.

**Sodexo Statement –**

Back in August some union jobs were available, and Sodexo stated they offered me the job and that I declined.

**My Retort Documentation for court (Not discussed during mediation)-**

They did not offer me any jobs. Sodexo set a date to meet with me in August via phone conference to cover return-to-work procedure and when the meeting took place I was indefinitely laid off from my job at Sodexo at the very beginning. Then Sodexo proceeded to tell me that I can look on indeed to apply to the one job posted by Sodexo at the Fairfield University Location. That is not a job offer.. They stated that should I apply and be accepted to a position I would relinquish my current position with Sodexo and any ties to that position. Then they proceeded to remove the job. I did not decline any return to work offer in this time. I was indefinitely laid off.

**Sodexo Statement –**

Sodexo Reached out in September to bring me back to work and stated that I declined to return to work because I had to quarantine. Campus work needs changed therefore no job is available in truistic due to covid-19.

**My thoughts-**

Not a good scene for Sodexo.

**My Retort Documentation for court (Not discussed during mediation) -**

I did not decline, I had to follow Connecticut state travel advisory law and quarantine due to being in a hotspot state. That does not constitute me declining an offer back to work. Here we show Sodexo trying to once again use Covid 19- blanket instead of handling the case in general fairness. Furthermore, Chef Nick promised me full-time 40 hours a week on Sept 21st, 2020 during my quarantine via email. They had ample time to tell me that the needs in the workplace fluctuated and that there was not enough work to bring me back to work full-time as they initially offered. I am certain the fluctuation the level of work did not happen overnight. Now they are stating in this mediation, there is no job available for me to work which proves to the disingenuousness of them wanting to bring me back to work at full-time as they initially offered. Why state that you have full-time work available when you know it is not within your means to produce? Then go forward to report to the labor department that you did bring me back full-time yet not honor that.

**Sodexo request-**

Part ways with me and me to agree to not sue after I part with the company should I decide to accept this settlement they offer me.

**My initial settle offer to Sodexo.**

I asked in initial settlement for $500,000.00 monetary compensation, $1000.00 per day for 365days for having to suffer discrimination harassment and abuse $135,000.00 for emotional distress and abuse.. any negative things about me in my employee file be removed, that I would be seeking to part ways with the company moving forward. That management be sent for cultural sensitivity training sessions.

**Sodexo Denied**

**Sodexo settlement offer-**

Sodexo denied my settlement demands and presented me the following.

To remove constructive counseling notice from my employee file.

I can get the personnel file information accept it will be sent in terms of a litigation file

Agree to have Mark, Nick, and Scott attend 2 training sessions by December 2020.

Money- offering $3500 dollars, unlikely to see work until Next February if that after December 30, 2020. This total would be equivalent to me working 30 hours a week over six weeks then I split ties with the company. This money would come with a 1099 form to pay taxes Money would come in 21 calendar days.

Employer seeking a general release stating that I wouldn't file a retort claim or file another lawsuit after leaving Sodexo.

**My rebuttal settlement demands to Sodexo-**

I rebuttled after seeing their terms of settlement and lowered the monetary value to $365,000.00 which totals from the addition of $1000.00 per day for having to suffer, discrimination harassment and abuse.

**Sodexo Denied again and Sodexo left the mediation.**

**My thoughts about the Settlement offer from Sodexo in context of Mediation–**

2 training sessions is not going to be enough time to constitute or allow for enough absorption for an effective change in management team and aid in creating a successful Discrimination free and workplace harassment free work environment.

Sodexo Didn't even offer me 1% of what I wanted as a settlement that shows how you value high performers. Only offered me .07% of what I requested as a settlement. In my eyes this is not even a settlement because Sodexo wanted to have me part ways with the job, pay me ten hours less per week than what the document promised me back in September of having forty hours per week, blacklist me from the job completely that I can never work at Sodexo or Sodexo affiliates ever again, have Scott Nick and Mark attend only two cultural sensitivity training sessions, remove one document from my employee file and send me a copy of my employee personnel file.

# Notes taken during the EEOC Mediation after Sodexo left.

EEOC informed me my Case will go to their enforcement unit-

Employer must provide a position statement and I will receive an alert of their statement and I can receive a copy.

Case will be assigned to an investigator they will reach out to witnesses and see if they can find violations on my behalf and sue.

They will try to resolve the charge if they find things in my favor.

If they don't, they will give me a right to sue to sue in the state court or federal court.

If I get a new job this will not affect this case. Changing position in my current job will not affect this case.

There will be more consequences if they are lying when going forward in the case.

## Sodexo Settlement offer recap-

Remove constructive counseling writeup

Commit to have training by dec 31st to Mark Nick and Scott, 2 trainings

1 training is preventing work harassment

Other training is discrimination free workplace

Offered $3500 gross amount no money is taken out 1099 given at end of year

Equivalent of 6 weeks of pay.

Number was given due to 6 weeks left equivalent of 30 hours of pay per each week in this semester.

21 calendar days I would receive compensation.

General release request by Sodexo as a promise to not sue and to not go back to work with them.

# Follow-up notes taken during EEOC mediation after Sodexo left the mediation.

Michael and Cheryl never spoke to me at all during the mediation. They never addressed the racism or any of the harassment that took place and they only stated generally that they did what they believed as lawful, they did not speak anything else other than that.

Sodexo tried to black list me from their company entirely during that they never want me to work for them ever again at any location across the globe for $3500.

All of their statements of handling my issues of harassment in the workplace never showed any fruition in the workplace and some of them were lies… As a matter of fact, the claims I put in to HR they had erased them off of my work profile. They lied about me meeting Daria physically, lied about me speaking/meeting/etc. with someone named Curtis I do not know a Curtis. Sodexo never spoke to anything about Racism or harassment or bothered to hear my voice at all.

Sodexo denied to accept to my settlement terms.

I once again was denied and Sodexo stood firm on their settlement offer.

Mediation Session closed...



Adrian Santiago <santyjobhunt113@gmail.com>

**Work Available for you in Catering**
3 messages

**Pawlowski, Nick** <Nick.Pawlowski@sodexo.com> Mon, Sep 14, 2020 at 10:47 AM
To: "santyjobhunt113@gmail.com" <santyjobhunt113@gmail.com>
Cc: "Gornicki, Duane" <Duane.Gornicki@sodexo.com>

Hi Adrian:

I hope this email finds you well and staying safe.

I called you a few minutes ago and also texted you regarding this information.

I am contacting you regarding full time work I have available for you in catering assisting with our quarantine meal program. Please respond to this email, or call me on my cell phone (203-804-0468), so we can briefly discuss the program and a good day for you to start back here at work.

Looking forward to your reply.

All the best,

Nick Pawlowski
Senior Catering Executive Chef

Fairfield University
200 Barlow Road
Conference Center @ Fairfield University
Fairfield, CT 06824
Sodexo: Nick.Pawlowski@sodexo.com
Office: 203-254-4000 x. 3039
Cell: 203-804-0468

**Sodexo**
**World Leader in Quality of Daily Life Solutions:** www.sodexoUSA.com
Join in the fight against hunger: www.helpSTOPhunger.org

This e-mail, attachments included, is confidential. It is intended solely for the addressees. If you are not an intended recipient, any use, copy or diffusion, even partial of this message is prohibited. Please delete it and notify the sender immediately. Since the integrity of this message cannot be guaranteed on the Internet, SODEXO cannot therefore be considered liable for its content.

Ce message, pieces jointes incluses, est confidentiel. Il est etabli a l'attention exclusive de ses destinataires. Si vous n'etes pas un destinataire, toute utilisation, copie ou diffusion, meme partielle de ce message est interdite. Merci de le detruire et d'en avertir immediatement l'expediteur. L'integrite de ce message ne pouvant etre garantie sur Internet, SODEXO ne peut etre tenu responsable de son contenu.

**Adrian Santiago** <santyjobhunt113@gmail.com> Fri, Apr 16, 2021 at 11:37 AM
To: Adrian Santiago <adriansantiago82@gmail.com>

[Quoted text hidden]

---

**Adrian Santiago** <santyjobhunt113@gmail.com> Fri, Apr 16, 2021 at 11:44 AM
To: Adrian Santiago <adriansantiago82@gmail.com>

---------- Forwarded message ---------
From: **Pawlowski, Nick** <Nick.Pawlowski@sodexo.com>
Date: Mon, Sep 14, 2020 at 10:47 AM
Subject: Work Available for you in Catering
To: santyjobhunt113@gmail.com <santyjobhunt113@gmail.com>
Cc: Gornicki, Duane <Duane.Gornicki@sodexo.com>

[Quoted text hidden]

11.) It is my contention that the EEOC investigator, Susan Boscia did not fulfill their duties and investigate this case. I was informed by the EEOC Mediator for my case, Elizabeth Marcus, after the settlement mediation with my employer that there would be an investigator appointed to my case. After that mediation, almost two months passed with no word from the EEOC. I had to call the EEOC after the settlement mediation with my employer (Sodexo) because there was no activity on my case. Once I called they immediately had an investigator (Susan Boscia) available for my case. Sodexo provided their position statement 12/9/2020. I provided my response in the EEOC Portal to my employer's position statement Friday January 15th, 2021, a holiday weekend (Martin Luther King Day| 1/18/2021) which is a federally recognized holiday so I am certain their facility was closed.. Tuesday January 19th, 2021 at approximately 12pm EST the EEOC released my case stating that they could not make a determination of discrmination on my case and issued me a notice of right to Sue. Within such a small time space and no information presented to me about their investigation or contacting any of my listed witnesses and zero phone calls to discuss any of the information I presented to the EEOC regarding my response, I firmly believe that Susan Boscia did not fulfill her duties to investigate this case. This is why I am following up with this lawsuit firmly believing that I am a victim of dicrimination by my employer .



## Constructive Counseling Notice

| | |
|---|---|
| Employee Name: Adrian Santiago | Date Counseling Delivered: 3/2/20 |
| Employee ID#: 6493933 | Account Name & Dept: Fairfield University Catering Department |
| Employee Position: Cook II | Supervisor's Name: Nick Pawlowski – Executive Chef III |

Type of Constructive Counseling (Check one):

| WRITTEN COACHING X | WRITTEN WARNING | TERMINATION |
|---|---|---|

1. Describe the unsatisfactory performance, behavior or conduct that led to this disciplinary action. (Provide specific details to include date and place.)

   Adrian Santiago and fellow co-worker Matt Cuminotto became engaged in unacceptable behavior towards one another. This behavior took place while working working together. Actions which could include loud or abusive language, inappropriate body language (waving of hands, turning of heads and rolling of eyes) etc.

2. Who observed the behavior?
   Executive Chef Nick Pawlowski

3. Describe what effect the employee's unsatisfactory performance, behavior or conduct had on the workplace.

   These actions created a disturbance and decension in the workplace or as part of a remote catered event.. Sodexo HandBook pg. 46 line 12 Disorderly Conduct and pg. 47 line 2 Ethical Conduct Treat others fairly with dignity and respect.

4. Describe the expected performance, behavior or conduct of the employee in the future and the expected timeframe for the employee to achieve satisfactory performance, behavior or conduct.

   ~~*Adrian must refrain immediately from any further inappropriate behavior as stated above. Matt must maintain a professional and cohesive work relationship with all co-workers , staff, management and clients.~~



Confidential and Proprietary To Sodexo



Constructive Counseling Notice

5. Describe what the consequences are for failure to correct.

Failure to correct this behavior will result in continued steps of the Sodexo coach and counseling process, up to and including discharge.

6. Has the employee been told about the Promise of Respect & Fair Treatment? YES x NO

Under the Promise of Respect & Fair Treatment, you have the right to appeal this action. To do so, please contact:

Name: Phone Number:

[signature] 3-4-20

Manager's Signature Date

EMPLOYEE ACKNOWLEDGEMENT:

Employee Comments: Adrianna Refused to Sign –

Employee Signature Date [signature] Witness Signature 3/4/20 Date

The employee's signature does not necessarily indicate agreement with the content of this Constructive Counseling Notice but does, at least, acknowledge receipt of the form and the content (or lack) of employee comments. An employee's decision not to sign the form should be noted on the employee's signature line, preferably with a witness present. The witness should initial the notation of refusal to sign as well.



Confidential and Proprietary To Sodexo



Constructive Counseling Notice

(Distribution: Original to employee's file, Copy to employee)



Confidential and Proprietary To Sodexo




Cheryl Ann Galvez
Senior EEO Representative

Direct Dial: (301) 987-4709
Email: cheryl.galvez@sodexo.com

December 9, 2020

VIA EEOC PORTAL
Susan Boscia
U.S. Equal Employment Opportunity Commission
Boston Area Office
John F. Kennedy Federal Building
15 New Sudbury Street, Room 475
Boston, MA 02203

Re: **Adrian Santiago vs. Sodexo, EEOC #523-2020-01034**

Dear Ms. Boscia:

This submission represents the response of SDH Education East, LLC ("Sodexo") a wholly owned subsidiary of Sodexo, Inc., to the above-referenced charge and to the Commission's requests for information. Any accompanying attachments are being provided in confidence for use by the Commission in processing the charge. Sodexo does not concede the admissibility of this submission or the information provided therein for purposes of any administrative or other future proceeding.

***NAME AND ADDRESS OF RESPONDENT***

Although the charge lists the Respondent as "SODEXO," the proper corporate entity is SDH Education East, LLC. Sodexo is incorporated in Delaware and maintains its headquarters at 9801 Washingtonian Boulevard, Gaithersburg, Maryland 20878. Sodexo is the North American leader for Quality of Daily Life Solutions. Sodexo offers innovative outsourcing solutions in food service, housekeeping, grounds keeping, plant operations and maintenance, asset and materials management, and laundry services to corporations, health care and long term care facilities, retirement centers, schools, college campuses, and government agencies and military sites. Mr. Santiago is employed at a universities account, Fairfield University Catering, 1073 North Benson Road, Fairfield, Connecticut.

***STATEMENT OF POSITION***

Sodexo denies that it discriminated against Mr. Santiago based on his race (African American), color or national origin (Hispanic).[1] Further, Sodexo denies that Mr. Santiago has been retaliated against as alleged. All employment actions taken concerning Mr. Santiago were based on legitimate, non-discriminatory reasons, unrelated to his race, color or national origin, nor in retaliation for any complaints. Contrary to Mr. Santiago's allegations in his charge, Sodexo promptly and thoroughly

[1] Sodexo does not maintain data on the national origin of its employees.




investigated all allegations raised by Mr. Santiago and took appropriate actions, which included corrective actions. There was no correlation between these investigations and any employment actions taken regarding Mr. Santiago. In fact, the written disciplinary action that Mr. Santiago received in March 2020 was also presented to another employee who was involved in the same interaction.

**JURISDICTIONAL MATTERS**

Although the charge is against Sodexo, "Tyquon Scedrick,[2]" "Janet LNU,[3]" Adam Zikaras, Matthew Cuminotto,[4] Nino Marrero,[5] Nick Pawlowski, Mark Spizzoucco, Daria Barin,[6] Fernando Alvarado,[7] and Scott Hivson[8] have all been identified in the text by name. Sodexo assumes that the charge is not against any of these individuals personally. If this is incorrect, please advise Sodexo within ten days of receipt of this correspondence so that they may be notified of the charges brought against them by the charging party and respond accordingly.

***SODEXO'S POLICIES***

**Equal Employment Opportunity and Non-Discrimination Policy**
Sodexo has an Equal Employment Opportunity Policy. Sodexo is committed to providing a work environment that is free of discrimination on any basis, including but not limited to, race, sex, age, disability, veteran status, or national origin. Sodexo will not retaliate against an individual because he or she opposes any unlawful practice, files or participates in an investigation of an internal claim or a formal charge of discrimination, requests a reasonable accommodation, or participates in any action under any antidiscrimination law. Copies of this policy are included in Sodexo's Employee Handbook and posted at all of Sodexo's units. (Exhibit A)

**Policy Against Harassment**
Sodexo maintains a strict policy prohibiting unlawful harassment, including racial and sexual harassment. The policy prohibits harassment in any form, including verbal and physical harassment. Employees who believe they have been harassed should promptly report the incident and the names of the individuals involved to their supervisor, or in the alternative, to his or her Human Resources representative. (Exhibit B)

---

[2] Sodexo believes that this references Tyquon Harden (Black/African American), Stock Worker & Receiver, who separated from Sodexo employment on July 29, 2019.
[3] Sodexo believes that this references Janet Blank (Black/African American), Utility Worker.
[4] The correct spelling is Mathew.
[5] Sodexo believes that this references Sigfredo Marrero (Caucasian), Catering Service Worker. Mr. Marrero separated from Sodexo employment on August 1, 2020.
[6] Sodexo believes that this references Daria Mauro (Caucasian), Senior Employee Relations Manager. Ms. Mauro separated from Sodexo employment on August 29, 2020.
[7] Mr. Alvarado (Hispanic), Catering Service Worker, separated from Sodexo employment on October 14, 2019.
[8] The correct spelling is Hibson.




**Promise of Respect and Fair Treatment**

Sodexo maintains a Promise of Respect and Fair Treatment Policy, which guarantees the right of every employee to voice a complaint or concern with no fear of retaliation. The policy permits an employee to have his/her complaint acknowledged by a member of management in a timely way. Further, the policy allows an employee to have his/her complaint acknowledged by successively higher levels of management, if the employee is not satisfied with the prior response or does not receive it in the appropriate time frame. (Exhibit C)

**Commitment to Diversity**

Sodexo has a Statement of Commitment to Diversity. (Exhibit D) Sodexo is committed to promoting and fostering equal opportunity in all areas of the company and believes that diversity and inclusion is a fundamental objective that strengthens the company and maximizes the potential of all our employees. Sodexo is proud to be recognized as a member of Diversity Inc.'s Top 50 Hall of Fame. In March 2018, Sodexo was inducted into the inaugural roster of Diversity, Inc.'s Top 50 Hall of Fame, one of only five companies inducted. Companies inducted into the Hall of Fame demonstrate exceptional human capital management accomplishments and superior corporate values and culture and are recognized as the nation's top companies for diversity and inclusion management. Sodexo is the recipient of numerous diversity awards, including (but not limited to):

- Latina Style's 2020 Top 50 Companies of the Year for the 12th consecutive year;
- Diversity Best Practices' 2020 Top 10% Inclusion Index Company for the 4th consecutive year; and,
- Human Rights Campaign 2020 100% Rating on Corporate Equality Index for the 12th consecutive year.

**Constructive Counseling Policy**

Sodexo has a Constructive Counseling Policy. Sodexo hopes to correct most types of unsatisfactory performance or conduct through constructive counseling measures. Sodexo requires all employees to meet the standards of performance and conduct which have been established for their jobs. If performance is unsatisfactory, Sodexo provides an opportunity to improve, if possible. (Exhibit E)

Mr. Santiago acknowledged receipt of Sodexo policies and unit work rules on March 8, 2019. (Exhibit F)

***FACTS***

**Not Timely Filed:**

Mr. Santiago filed his EEO complaint with the Commission on June 20, 2020. The EEOC requires complaints to be filed within 180 days from the occurrence of the alleged discriminatory practice or 300 days if the complaint is duly filed with a FEPA agency. Therefore, it is Sodexo's position that any reference made by Mr. Santiago to matters that occurred before August 25, 2019 are time




barred.[9] However, without waiving the right to object to the timeliness of Mr. Santiago's charge, Sodexo offers the following for the Commission's review.

Mr. Santiago (self-identified as Two or More Races) was hired by Sodexo on March 8, 2019, in the position of Cook II at Fairfield University Catering (Fairfield). He was hired by and reported to Nicholas Pawlowski (Caucasian), Executive Chef III. Mr. Pawlowski reports to Duane Gornicki (Caucasian), General Manager (GM) VI, Food. Mr. Gornicki reports to the Vice President I, Michael Ward (Caucasian).[10] Curtis Stancil (Black/African American) is the Human Resources Business Partner (HRBP) who supports this unit. Along with Mr. Pawlowski and Mr. Gornicki, other managers at Fairfield during the time Mr. Santiago has been employed include (some individuals have terminated employment and the date is noted):

- Mark Spizzoucco (Caucasian), Food Operations Manager III
- Julius Caldwell (Hispanic), Executive Chef I
- Joseph Dostilio (Caucasian), Executive Chef II (term 7/4/20)
- Stephen Prentice (Caucasian) Executive Chef II
- Lane Jones (Caucasian), Executive Chef III
- Meghan Lussen (Caucacian) Catering Manager II
- Scott Hibson (Caucasian) Catering Manager III
- Melania Falcon (Hispanic), Catering Manager IV (term 3/24/20)
- Ivana Durbic (Caucasian), Food Service Manager III
- Matthew Olschan (Caucasian), Retail Manager II (term 11/25/20)
- Hannah Caldwell (Black/African American), Retail Manager III
- Mackenzie Gordon (Caucasian), Registered Dietitian II (term 8/31/20)
- Jacqueline Horne (Caucasian), Registered Dietitian II
- Lisa Randolph (Black/African American), Unit Clerical - Senior
- Elizabeth Miske (Caucasian), Unit Clerical - Senior
- Gloria Mason (Caucasian), Unit Clerical - Senior

Mr. Santiago named Adam Zikaras in his charge. Mr. Zikaras (Caucasian) is a Senior Food Supervisor.[11] Other employees in the catering department during Mr. Santiago's tenure include (some individuals have terminated employment and the date is noted):

- Kimberly Mcginnis (Caucasian), Senior Food Supervisor
- Kyle Defarias (Caucasian), Senior Food Supervisor
- Moises Lopez (Hispanic), Senior Food Supervisor
- Sandra Rennie (Caucasian), Food Supervisor

---

[9] Tyquon Harden separated from employment on July 29, 2019; therefore, all references to Mr. Harden are time barred.
[10] The ADP Regulatory Information pages indicating the race of all individuals noted in this document can be found at Exhibit G.
[11] Mr. Zikaras transferred to Tully Dining Commons (Tully) at Fairfield on August 14, 2020.




- Jessica Viszkocsil (Caucasian), Food Supervisor
- Cinzia Vaccaro (Caucasian), Senior Unit Clerical
- Robert Hurd (Caucasian), Senior Cook
- Glenn Huggler (Caucasian), Cook II
- Peter Derosa (Caucasian), Cook II
- Matthew Cuminotto (Caucasian), Cook II (transfer to Tully 8/21/20)
- Catherine Zaorski (Caucasian), Catering Service Worker
- Dena Sprague (Caucasian), Catering Service Worker
- Emese Matei (Caucasian), Catering Service Worker
- Alexandru Minastirla (Caucasian), Catering Service Worker
- Frantz Menard (Black/African American), Catering Service Worker
- Lacy Allen (Black/African American), Catering Service Worker
- Nefertiti Davis (Black/African American), Catering Service Worker (term 8/1/20)
- Phyllis Grassi (Caucasian), Catering Service Worker (term 8/1/20)
- Mohammed Konneh (Black/African American), Catering Service Worker (term 8/1/20)
- Fernando Alvarado (Hispanic), Catering Service Worker (term 10/4/19)
- Sigfredo Marrero (Caucasian), Catering Service Worker (term 8/1/20)
- Peter Cruz (Hispanic), Stock Worker and Receiver (term 7/21/20)
- Tyquon Harden (Black/African American), Stock Worker and Receiver (term 7/29/19)
- Derrick Barnett (Black/African American), Senior Utility Worker
- Francis Rodriguez (Hispanic), Utility Worker
- Clifford Johnson (Black/African American), Utility Worker
- Janet Blank (Black/African American), Utility Worker
- Tristan Mulleavey (Caucasian), Student Worker
- Isaiah Clark (Black/African American), Student Worker (term 8/1/20)
- Rosemarie Richetelli (Caucasian), Student Worker (term 8/1/20)

Contrary to Mr. Santiago's allegation in his charge that there were "no other African American employees, except Tyquon Scedrick...and Janet LNU," as evidenced in the list above (excluding Mr. Santiago), there have been a total of 30 employees in the catering department during his tenure. Thirteen employees are identified as either Hispanic or Black/African American, or approximately 43% of these employees.

In general, the duties of a Cook are preparing, cooking, and presenting a variety of hot or cold food items for different meal periods by following basic approved recipes, and in accordance with applicable federal, state and corporate standards and regulations. It is necessary to comport oneself in a highly professional manner and to communicate with professionalism and respect, including maintaining professional interactions with coworkers, supervisors, customers, and client representatives. (Exhibit H)




On September 25, 2019, Mr. Santiago received a performance evaluation from Mr. Pawlowski with an overall rating of Above Expectations. Comments from his manager noted that he had perfect attendance, was always on time, tried to do his best, followed instructions, was respectful and got along with everyone. Constructive commentary noted that he needed to wear the proper food handler gloves more often, to improve on labeling products, and that he acted like a deer in the headlights when faced with issues in which he was either not experienced or unsure of the solution. (Exhibit I).

At the end of February 2020, it was reported to Mr. Pawlowski that Mathew Cuminotto raised a concern that Mr. Santiago had refused to make cookies that were needed quickly. Mr. Pawlowski spoke to Mr. Santiago, who denied that he said he would not make the cookies. Mr. Pawlowski had a meeting with both Mr. Santiago and Mr. Cuminotto and told them they needed to work as a team, assist each other as needed, and be respectful of one another. At the end of the meeting, they shook hands and agreed to work together. A couple of days later, Mr. Santiago reported to Mr. Pawlowski that Mr. Cuminotto had not stored some items properly and he had taken a picture of what Mr. Cuminotto had done wrong. During an event on February 29, 2020, the negative behavior between Mr. Santiago and Mr. Cuminotto continued. It was determined that both of them would receive constructive counseling to direct them to work together in a professional manner. On March 4, 2020, Mr. Pawlowski and Mark Spizzoucco (Operations Manager) presented written coaching documents to both Mr. Santiago and Mr. Cuminotto that noted the unacceptable behavior and the expectation for a professional working relationship. (Exhibit J) Contrary to Mr. Santiago's allegations in his charge, the document provides an area in which an employee can comment and Mr. Santiago was provided with the opportunity to provide feedback during the meeting. Mr. Santiago refused to sign the document and provided no comments or feedback. Further, Mr. Santiago is disingenuous to infer that he was the only one who was written up.

Sodexo has a PeopleCenter, which is the first level Human Resources (HR) interaction for all employees and managers accessing the enterprise HR team. Both employees and managers can contact the PeopleCenter with questions about pay, benefits, leaves of absence, safety issues, and employee relations issues, as well as to raise concerns. On August 2, 2019, Curtis Stancil (HRBP) contacted the PeopleCenter for assistance with concerns that had been raised to him regarding alleged drinking by one of the employees at a Boy Scout camp. Specifically, allegations had been raised by Mr. Santiago (who also worked at the camp) that Raffaello Ribeca (Caucasian) had texted him around midnight on July 26 to join him in celebrating the last day of camp and had become agitated when Mr. Santiago refused to join him. Mr. Santiago texted the General Manager (GM) around the same time to inform him of the texts, and reported the incident to the camp director the following morning after he received a texted apology from Mr. Ribeca that appeared to indicate he had been drinking. The camp director inspected Mr. Ribeca's cabin, [redacted] requested Mr. Ribeca be removed from the property. Mr. Stancil was assigned to Employee Relations Manager Amy Tisdale[12] (Caucasian). Ms. Tisdale reviewed the information and she and

[12] Ms. Tisdale separated from Sodexo employment on October 24, 2020.



sodexo
QUALITY OF LIFE SERVICES

Mr. Stancil [redacted]

Mr. Santiago is disingenuous in his charge to allege that he complained to Mr. Pawlowski on September 21, 2019 about Adam Zikaras' treatment and was told only that "it was Adam Zikaras first leadership position and they were training him." Mr. Santiago infers that no action was taken. This is simply not true. Following Mr. Santiago's complaint to Mr. Pawlowski on September 21 that Mr. Zikaras had yelled at him in front of others, Mr. Pawlowski met with Mr. Santiago and Mr. Zikaras; Mr. Zikaras apologized to Mr. Santiago. Subsequently, Mr. Santiago reported that Mr. Zikaras had yelled, sworn, and was slamming things around when Mr. Santiago said he had received a good evaluation. On September 26, 2019, Mr. Pawlowski contacted the PeopleCenter for assistance with the concerns that Mr. Santiago had raised and was assigned to Nora Bendetti[13] (Caucasian), Employee Relations Manager. Mr. Spizzoucco assisted in the investigation at the unit. Mr. Zikaras was placed [redacted] witness statements were provided by both Mr. Santiago and Mr. Zikaras. Two other employees provided statements of recent interactions with Mr. Zikaras in which he used profanity and badmouthed his manager and coworkers. A review of Mr. Zikaras' file found: [redacted] On October 4, 2019, Mr. Zikaras was given [redacted]

On November 25, 2019, Mr. Santiago contacted the PeopleCenter to allege that he was being harassed by Mr. Zikaras, and was assigned to Senior Employee Relations Manager Daria Mauro (Caucasian). Mr. Santiago further alleged that he felt targeted for his work and there was a hyper-focus on his work in a negative manner. Although Mr. Santiago alleged in his charge that he "could never get through" to Ms. Mauro, that the email she gave him was invalid, and that no action was taken, this is a misrepresentation of the actual events. In fact, Ms. Mauro attempted to contact Mr. Santiago on December 4 and December 5; however, there was no answer and no option to leave a voicemail. Ms. Mauro was able to speak to Mr. Santiago on December 6, and he detailed his concerns about Mr. Zikaras as: creating an uncomfortable workplace; addressing him in an intimidating manner by waving his hands; yelling; pinning blame on him by taking his food product and showing others he did it wrong (although Mr. Santiago admitted this happened "a while ago"); and, not giving clear communications. Mr. Santiago told Ms. Mauro that he would provide her with his schedule to assist with contacting him. *Mr. Santiago did not raise any concerns that this treatment was discriminatory or based on his race or national origin.* Ms. Mauro spoke to Mr. Spizzoucco and found that he was [redacted] with Mr. Zikaras to [redacted]

[13] Ms. Bendetti separated from Sodexo employment on August 29, 2020.




[redacted] Ms. Mauro attempted to contact Mr. Santiago on December 10, 2019 to apprise him of her call with Mr. Spizzoucco; however, there was no answer and no ability to leave a voicemail. Mr. Santiago did not send his schedule to Ms. Mauro as he committed. Ms. Mauro attempted to contact him again on December 16 without success and therefore closed the case. On January 17, 2020, Mr. Santiago called the PeopleCenter to complain that he was experiencing the same issues and Ms. Mauro re-opened the case. On January 21, 2020, Ms. Mauro spoke to Mr. Santiago and he raised similar concerns that made him uncomfortable, i.e., that Mr. Zikaras was waving his hands and raising his voice. He admitted to Ms. Mauro that Mr. Spizzoucco had spoken to him on several occasions to resolve the issues. Ms. Mauro subsequently spoke to Mr. Zikaras and Mr. Spizzoucco and found that there had been some recent performance concerns with regard to Mr. Santiago, i.e., leaving strawberries in water overnight that resulted in a loss of product. Mr. Zikaras reached out to Mr. Santiago on January 23 to discuss the concerns he had raised and Mr. Santiago refused to meet with him directly. Later that same day, Mr. Spizzoucco and Mr. Gornicki met with Mr. Santiago and Mr. Zikaras. Mr. Santiago only raised a concern from two weeks prior that had already been addressed. They discussed procedures for addressing any concerns going forward, which included contacting Mr. Pawlowski, Mr. Spizzoucco or Mr. Gornicki to report and resolve any issues. Documents related to this paragraph are included at Exhibit M.

***CONCLUSION***

Sodexo denies that it discriminated against or harassed Mr. Santiago on the basis of his race, color, or national origin.[14] Further, Sodexo denies that Mr. Santiago has been retaliated against as alleged. Mr. Santiago's claims that Sodexo discriminated against and retaliated against him are unfounded and unsupported by the facts. Mr. Santiago is unable to raise even an inference – much less prove – that he was discriminated against because of his race, color or national origin. Mr. Santiago raised concerns with his management and Human Resources; however, he was not subject to retaliation for raising his concerns. As detailed above, Sodexo took prompt action to address Mr. Santiago's allegations and took appropriate action in each instance. Mr. Santiago did not raise any racial or national origin concerns during the investigation interviews. Mr. Santiago complains that he was subjected to disparate treatment as compared to other similarly situated employees; however, this is unsupported by the facts. As described in detail above, Mr. Santiago and his coworker both received the same constructive counseling notice following their poor interactions. For the foregoing reasons, Sodexo requests that the Commission dismiss the charge with a finding that no cause exists to believe that discrimination or retaliation occurred.

Very truly yours,

Cheryl Ann Galvez

Attachments

[14] Again, Sodexo does not maintain data on the national origin of its employees.

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

Charge Presented To: [ ] FEPA [X] EEOC

Agency(ies) Charge No(s): 523-2020-01034

CONNECTICUT COMM. ON HUMAN RIGHTS & OPPORTUNITIES and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| MR. ADRIAN SANTIAGO | (475) 228-3129 | |

Street Address / City, State and ZIP Code

1000 AVALON WAY, APT #4107, STRATFORD, CT 06614

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| SODEXO | 501+ | (203) 254-4055 |

Street Address / City, State and ZIP Code

1073 N BENSON RD, FAIRFIELD, CT 06824

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address / City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE [X] COLOR [ ] SEX [ ] RELIGION [X] NATIONAL ORIGIN

[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION

[ ] OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE

| Earliest | Latest |
|---|---|
| 03-08-2019 | 03-02-2020 |

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**I. On or about March 8, 2019, I was hired by the above employer as a Cook II. Early on, I got great reviews. In summer 2019, I was designated to be Camp Chef. On or about September 14, 2019, my employee evaluation said I was a #1 team player, and that Im collegial with people. There were no other African American employees, except for Tyquon Scedrick, Utility/Steward person, and Janet LNU, Utility person. Over time, many racially and religiously discriminatory events occurred. There was a heavy interference with the work of Hispanic and African American staff, not aimed to be helpful. Adam Zikaras (Caucasian), Sou Chef, said to Spanish-speaking employees, This is America, speak English, and, Dont speak Spanish around me. Adam Zikaras cursed a lot and said vulgar, hateful things. He said to Nino Marrero (Hispanic), in front of house staff servers, Jesus isnt real, and, Ill be waiting for Jesus to come so I can beat his ass, and, People only believe in Jesus because they are bastards that dont want to pay taxes, and, God can suck my dick. here were unrelenting incidents between Adam Zikaras and me. In October or November 2019, I complained to Mark Stizzoucco, Operations Director Manager III, about Adam Zikaras cursing and open humiliation toward me. Mark Stizzoucco said it was Adam Zikaras first leadership position, and they were training him. On or about November 25, 2019, and again in January**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br><br>523-2020-01034 |
|---|---|---|

CONNECTICUT COMM. ON HUMAN RIGHTS & OPPORTUNITIES and EEOC

*State or local Agency, if any*

**2020, I called Daria Barin, HR, to complain about Adam Zikaras and Matthew Cuminotto (Caucasian), Cook II, interjecting into my work, cursing me out, and secluding me so others would not witness it. Daria Barin told me to be compliant with Adam Zikaras, and said she would speak to him. After my first conversation with Daria Barin, I could never get through to her on the phone. Daria Barin gave me an email, but the email came up as invalid. No action was taken to ameliorate the situation. Often, when higher senior management was present, Adam Zikaras and Matthew Cuminotto would postpone their harassment and abuse. Sometimes management would speak out against unfair, biased treatment, but they were never around. Matthew Cuminotto tampered with my work after I completed it. Though he had no leadership position, Matthew Cuminotto interjected himself into work I did not need help with, giving work-related comments, sometimes not even work-related. When asked, who did this to the food, Matthew Cuminotto would be silent about what he had done. Then I would get in trouble for it, until I had to speak out. Mark Stizzoucco instructed Matthew Cuminotto not to interfere with my work, but he still did. Many work colleagues witnessed and can attest that they cannot speak up, or the employer will take action against them. Nino Marrero (Hispanic), front of house staff, Fernando Alvarado (Hispanic), front of house staff, Tyquon Scedrick, and Janet LNU, all experienced discrimination, and Nino Marrero complained to Scott Hivson (Caucasian), Manager, about it.**

**II. With no advance notice, I was pulled aside into random meetings with Nicholas Palowski (Caucasian), Senior Catering Executive Chef, Mark Stizzoucco, Adam Zikaras, and Scott Hivson. On February 28, 2020, I had a meeting with Nicholas Palowski about things Matthew Cuminotto falsely accused me of. Nicholas Palowski validated Matthew Cuminottos unsubstantiated complaints. I had been pulled aside earlier for the same thing, leading to the understanding that I had done nothing wrong. On March 2, 2020, Mark Stizzoucco and Scott Hivson met with me, and I was written up, in a document with false information. This document stated that Matthew Cuminotto and I engaged in unacceptable behavior, including loud and abusive language, waving of hands, and rolling of eyes. The write-up didnt show me a way to defend myself. The meeting didnt allow room for proof in my defense. They didnt address the main situation of what was transpiring. Mark Stizzoucco threatened me in that meeting, saying, No one is above the law, but dont think the law will protect you from me. I will go out there into the kitchen and get signatures from everyone else in there, about things you say and do in the workplace, and use it against you. After this, I felt afraid, and stopped speaking entirely. I wanted the truth to be spoken, because lies were being spoken about me, and people just outside the meeting could have spoken the truth about me. The whole time I worked there, management failed to regulate the treatment by Matthew Cuminotto and Adam Zikaras. I spoke up, others spoke up, but it never was regulated.**

**III. I believe I have been discriminated against because of my race (African American), color, and national origin (Hispanic), and retaliated against for opposing unlawful employment actions, in violation of Title VII of the Civil Rights Act of 1964, as amended, and all applicable state statutes.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

## NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

## NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.





Welcome, Adrian | Log Out

Filing with EEOC






Assessment | Inquiry | Schedule Interview | More Details | File Charge

# My Charge

**EEOC Number: 523-2020-01034**

**Status: Determination of no reasonable cause issued**

The charge of employment discrimination filed on **06/20/2020** with the U.S. Equal Employment Opportunity Commission (EEOC) by **Adrian Santiago** against **SODEXO** is available for you to view online

View Representative    View My Information

### Notice of Right to Sue - Important Time Limit

If you choose to file a lawsuit against the respondent(s) named in your charge, you must file a complaint in court **within 90 days of the date you received the Notice of Right to Sue.** If you fail to file within the 90 day period, your right to sue on the charge will be lost and cannot be restored by EEOC. For more information about this time limit and filing a lawsuit, refer to the enclosure that was provided with your Closure Notice/NRTS.

### Position Statement Provided

EEOC has provided the respondent's Position Statement, relevant attachments, and any supplemental position statements on this page, under Document Management. It will be helpful to EEOC's investigation if you provide a response to the Respondent's Position Statement by **01/07/2021**

Any information you provide will be taken into consideration when EEOC reviews your case. Please upload your response through the Public Portal. Be sure to identify any further witnesses, their contact information, and a brief synopsis of what they will say.

There is no specific format for your response; however; be sure to point out discrepancies in the employer's information and explain what you believe to have happened. This is your opportunity to provide any additional information you feel is relevant to support your case.

Please be aware that by receiving these documents before you have filed a lawsuit based upon your charge, you agree that you will only share them with persons in a privileged relationship, such as a spouse, clergy, or medical, financial, or legal advisor.

# Mediation Status

EEOC's efforts to mediate this charge were unsuccessful, so EEOC will request the Respondent to provide a position statement and notify you when we receive it.

# My Documents

If you have documents supporting your charge, please upload them using this portal. Documents that you send and any that EEOC may send to you (including your Charge of Discrimination and the respondent's Position Statement, if you request a copy) are listed below. You can open a document to review it or download and save it.

**Be sure you save all documents related to your charge, including Email correspondence.**
Your charge and documents related to it will be available to you online until 90 days after EEOC closes it.
Click using this portal to upload documents.

Upload

| Name | Type | Added On | Added By |
|---|---|---|---|

| | | | |
|---|---|---|---|
| 2021-01-19 523-2020-01034 Correspondence to CP.pdf | Correspondence To/From Charging Party | 01/19/2021 | Marc Hawley |
| 2021-01-19 523-2020-01034 Form 161.pdf | Closure Notice/NRTS | 01/19/2021 | Marc Hawley |
| Harassment Meeting (2).docx | Response to Position Statement | 01/16/2021 | Charging Party |
| Cookie proof 3.mp4 | Response to Position Statement | 01/16/2021 | Charging Party |
| Harassment timeline to upload.docx | Response to Position Statement | 01/15/2021 | Charging Party |
| Letter of False Information about me.jpg | Response to Position Statement | 01/15/2021 | Charging Party |
| Cookie proof 2.mp4 | Response to Position Statement | 01/15/2021 | Charging Party |
| Adrian's Response To upload.docx | Response to Position Statement | 01/15/2021 | Charging Party |
| Cookie proof 1.mp4 | Response to Position Statement | 01/15/2021 | Charging Party |
| Santiago Exhibits H-M_Redacted.pdf | Position Statement Attachments - Non-Confidential (Redacted) | 12/18/2020 | Susan Boscia |
| Santiago Exhibit G_Redacted.pdf | Position Statement Attachments - Non-Confidential (Redacted) | 12/18/2020 | Susan Boscia |
| Santiago Position Statement_Redacted.pdf | Position Statement - Redacted | 12/18/2020 | Susan Boscia |
| Santiago Exhibits A-F | Position Statement Attachments - Non-Confidential | 12/09/2020 | Respondent Respondent |
| 2020-12-01 1055 Email from EEOC re Case #523-2020-01034.msg | Correspondence To/From Charging Party | 12/01/2020 | Susan Boscia |
| Signed Charging Party Confidentiality Agreement | Charging Party Confidentiality Agreement | 08/12/2020 | System Generat |
| Signed Charging Party Agreement to Mediate | Charging Party Agreement to Mediate | 08/12/2020 | System Generat |
| 2020-08-07 - Emails w CP.msg | Correspondence To/From Charging Party | 08/07/2020 | Virginia Holme |
| 2020-06-20 - Emails w CP.msg | Correspondence To/From Charging Party | 06/22/2020 | Virginia Holme |
| 2020-06-19-even later - Emails w CP.msg | Correspondence To/From Charging Party | 06/22/2020 | Virginia Holme |
| Signed Charge of Discrimination | Charge of Discrimination | 06/20/2020 | Charging Party |
| 2020-06-19 - Emails w CP.msg | Correspondence To/From Charging Party | 06/19/2020 | Virginia Holme |
| | Correspondence | | |

| | | | |
|---|---|---|---|
| 2020-06-19-later - Emails w CP.msg | Correspondence To/From Charging Party | 06/19/2020 | Virginia Holme |
| 2020-06-16 - Emails w CP.msg | Correspondence To/From Charging Party | 06/16/2020 | Virginia Holme |
| 2020-06-09 - Email to CP re charge in portal.msg | Correspondence To/From Charging Party | 06/09/2020 | Virginia Holme |
| EEOC Inquiry 523-2020-01034.msg | Correspondence To/From Charging Party | 04/03/2020 | Hanh Nguyen |

## Additional Information

**If you have questions**
You may find answers in the Frequently Asked Questions (FAQ)

If you still have questions about charge or the status of your charge, please contact your investigator directly at **susan.boscia@eeoc.gov**. Please use Charge Number **523-2020-01034** on all correspondence and communications.

Employee File Document Tampering
This is a print out copy of my employee evaluation turned in to the EEOC by Sodexo.

Sodexo tampered with this Document, and I possess an original copy. On page 3, [Point 3 at the Developmental Goal area is tampering] Sodexo wrote in a false statement with intent on discrediting my professionalism to make it seem on paper, I do not know how to perform my job and am unfit for my position & tarnish my career & career development.
This is more proof of Employment Discrimination

## *Spirit of Sodexo Frontline Performance Management Form*

| Employee Name: Adrian Santiago | Employee ID: 6493933 |
|---|---|
| Job Title: Cook II | Unit Name: Fairfield University - Catering |
| Supervisor/Manager: Nick Pawlowski | Location: 94251004 |
| Date: 9/25/19 | Appraisal Period (From/To): 3/8/19 to 8/31/2019 |

Instructions: Using the following rating scale and the evaluation standards on the next several pages, write in the rating that best describes the employee's performance for each performance factor in the space provided. *Although only the standards for ratings of 1, 3, and 5 appear below, the employee may be rated as 2 (Above Expectations) or 4 (Below Expectations) on any of the performance factors.*

| RATING SCALE | | | | |
|---|---|---|---|---|
| 1 Outstanding | 2 Above Expectations | 3 Meets Expectations | 4 Below Expectations | 5 Unacceptable |
| *Demonstrated performance that sets the standard of excellence and exceeds the requirements of the job.* | *Demonstrated performance that exceeds some of the requirements of the job but does not fully meet the standards of excellence.* | *Demonstrated performance that meets the requirements of the job.* | *Demonstrated performance that requires improvement or does not fully meet the minimum requirements of the job.* | *Demonstrated performance that is clearly below the requirements of the job.* |

### SERVICE SPIRIT

#### 1. PROFESSIONALISM and ATTENDANCE

Attends work regularly prepared to begin job assignments on time.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Has an exemplary attendance record<br>▪ Arrives fully prepared to provide outstanding customer service at scheduled start time<br>▪ Always dresses professionally and in accordance with unit/office standards<br>▪ Performs work duties at exceptional level | ▪ Attends work consistently as required<br>▪ Consistently arrives to work on time<br>▪ Performs work duties on time and well<br>▪ Regularly begins work promptly after arriving<br>▪ Complies with unit/office dress code/uniform policy | ▪ Misses work often<br>▪ Often arrives to work late<br>▪ Often arrives unprepared to work at starting time<br>▪ Often fails to adhere to unit/office dress code policy |

| Rating | |
|---|---|
| 1 | **Perfect attendance since hired. Always in a clean uniform. Arrives on time and in uniform to provide the best quality work and service he can do and provide. Performs work duties on time and asks for help when he needs it.** |

#### 2. CUSTOMER SERVICE

Provides excellent service to customers and ensures their complete satisfaction.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Interacts with customers in a friendly, positive, and enthusiastic manner<br>▪ Anticipates, takes ownership, and satisfies customer needs and concerns<br>▪ Exceeds customers' expectations for service | ▪ Is courteous and friendly towards customers<br>▪ Responds quickly to and satisfies customers' needs and concerns as requested<br>▪ Meets customers' expectations for service | ▪ Is discourteous or unfriendly towards customers<br>▪ Fails to respond quickly to customers' needs or concerns<br>▪ Does not meet customers' expectations for service |

| Rating | |
|---|---|
| 1.5 | **Limited interaction with clients but when he does, he goes above and beyond to take care of guests. Understands the importance of taking care of guests and making things happen for them in a timely manner** |

#### 3. PRODUCTIVITY

Consistently produces quality work on time by working effectively and efficiently.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Puts forth a high level of effort to complete work<br>▪ Produces high quality work with exceptional efficiency<br>▪ Often completes tasks ahead of time | ▪ Puts forth good effort to complete work<br>▪ Produces quality work and does not waste time<br>▪ Consistently completes tasks on time | ▪ Puts forth a low level of effort to complete work<br>▪ Consistently wastes time<br>▪ Does not complete tasks on time |

| Rating | |
|---|---|
| 2.5 | **Adrian is becoming more efficient as he becomes more familiar with catering and the operation. He always tries to do his best and puts in the extra effort required to do so. He does not waste time and is efficient in completing his tasks. Adrian consistently strives to increase his productivity.** |



## 4. SAFETY (AND SANITATION FOR FOOD SERVICE EMPLOYEES)

Understands and follows company safety policies and procedures and is committed to completing work in a safe manner.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Demonstrates a commitment to safety for self and others<br>▪ Exceeds company safety standards when working<br>▪ Identifies ways to reduce accidents or injuries to self or others<br>▪ Exceeds requirements of all environmental and food safety programs<br>▪ Rigorously adheres to sanitation regulations | ▪ Shows commitment to safety at work<br>▪ Completes work according to company safety standards<br>▪ Does not cause accidents or injuries to self or others<br>▪ Adheres to environmental and food safety programs<br>▪ Regularly complies with sanitation requirements | ▪ Does not show a commitment to safety<br>▪ Does not comply with company safety standards<br>▪ Takes actions that may cause accidents or injuries to self or others<br>▪ Fails to adhere to environmental and food safety programs<br>▪ Does not comply with sanitation requirements |

| Rating | |
|---|---|
| 3 | Adrian consistently wears his cutting glove without needing reminders but needs to do this more often with food handler's gloves when handling ready to eat foods. Labeling has improved but needs more work. Always keeps work area clean and sanitized. |

## 5. STRESS TOLERANCE and FLEXIBILITY

Works productively and effectively when faced with stressful work situations and time pressures and has the ability and willingness to change style or approach in response to differing circumstances or to work in ambiguous situations.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Handles high stress/pressure situations very well, maintains work productivity under stress/pressure<br>▪ Behaves in a calm, controlled and professional manner even under very stressful working conditions<br>▪ Maintains an open mind to change and quickly adapts to changing or ambiguous situations | ▪ Handles high stress situations fairly well, with little or no impact on productivity<br>▪ Maintains relatively calm and professional under stressful working conditions<br>▪ Adapts to situations that are ambiguous or changing even if the situation is initially difficult | ▪ Productivity levels significantly decrease when faced with stressful or unfamiliar situations<br>▪ Manages self poorly in stressful or pressured situations as demonstrated by agitated demeanor or negative or unproductive interactions with others<br>▪ Demonstrates a resistance to ambiguous situations, does not adjust well to obstacles or change |

| Rating | |
|---|---|
| 2 | Adrian seems to handle stressful situation wells and engages a sense of urgency when needed. He is very flexible in changing times and has an open mind/attitude in ambigious situations. Is professional and remains calm in times of need but sometimes acts like a deer in the highlights when faced with an issue that he has not experienced or unsure of a solution to the situation. The easiest solution is not always the best solution. |

### TEAM SPIRIT

## 6. COMMUNICATION

Communicates information clearly and politely to others. This includes listening to others and asking questions for clarification.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Is effective in communications with team members and customers<br>▪ Listens actively to fully understand others<br>▪ Respectfully asks effective questions for clarification | ▪ Communicates information to others clearly and politely<br>▪ Takes the time to listen and understand others<br>▪ Asks appropriate questions for clarification | ▪ Fails to communicate with others<br>▪ Does not listen to others<br>▪ Does not ask appropriate questions for clarification |

| Rating | |
|---|---|
| 2 | Adrian follows instruction well and respectfully asks the right questions for clarification. Listens intently to fully understand the situation. Listens and takes notes at huddles and asks for clarification. Communicates effectively with co workers. |

## 7. TEAMWORK

Participates as a committed member of a team by building effective working relationships with team members, supporting diversity, and contributing to a successful operation.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Builds and maintains excellent working relationships with all team members<br>▪ Proactively supports diversity in the workplace<br>▪ Shows respect for team and values their input | ▪ Establishes good working relationships with team members<br>▪ Supports diversity in the workplace<br>▪ Considers how actions impact team | ▪ Does not work to establish good working relationships with team members<br>▪ Does not support diversity in the workplace<br>▪ Does not consider how actions impact team |

| Rating | |
|---|---|
| 1 | Adrian gets along with everyone in the operation and is consistently jumping in to help out whether it is another cook, in the dish room, loading trucks, or clearing/cleaning up at events. Stays until the job is done correctly. If I could score Adrian higher in this category, I would and he would be fully deserving of it. |

## 8. INITIATIVE

Takes independent action to perform work tasks and proactively complete work responsibilities.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Performs additional work without being instructed or asked to do so<br>▪ Proactively seeks additional work and responsibilities<br>▪ Consistently identifies ways to improve work procedures | ▪ Consistently performs work without being instructed or asked<br>▪ Seeks additional work when finished with own work<br>▪ Occasionally takes action to improve work procedures | ▪ Performs work only when instructed or asked<br>▪ Avoids additional work, even when finished with own work<br>▪ Does not take independent action |

| Rating | |
|---|---|
| 2 | Adrian consistently asks for more tasks when his own work is complete. Occasionally takes measures and to present ideas to improve work procedures. Sometimes completes other tasks and work without being asked to do so. |

## 9. DEPENDABILITY

Takes responsibility for completing quality work accurately, efficiently, and on time.

| 1 – Outstanding | 3 - Meets Expectations | 5 – Unacceptable |
|---|---|---|
| ▪ Takes ownership of work and consistently ensures it is completed accurately, efficiently, and on time<br>▪ Takes proactive steps to avoid problems and mistakes<br>▪ Can be trusted and counted on to consistently deliver superior work | ▪ Is conscientious and ensures completed work is accurate<br>▪ Does not blame others for problems or mistakes<br>▪ Can be trusted and counted on to consistently deliver quality work | ▪ Is not conscientious and does not consistently complete work accurately<br>▪ Blames others for problems or mistakes<br>▪ Cannot be trusted or counted on to consistently deliver quality work |

| Rating | |
|---|---|
| 2 | **Adrian takes on ownership and holds himself accountable when he makes mistakes – he does not blame others. He is learning how to come up with and provide solutions to issues/needs better. He can be trusted and counted on the deliver high quality work on a consistent basis.** |

## OVERALL RATINGS AND SUMMARY

| *PERFORMANCE FACTOR* | *RATING* |
|---|---|
| *1. PROFESSIONALISM* | 1 |
| *2. CUSTOMER SERVICE* | 1.5 |
| *3. PRODUCTIVITY* | 2.5 |
| *4. SAFETY* | 3 |
| *5. STRESS TOLERANCE/FLEXIBILITY* | 2 |
| *6. COMMUNICATION* | 2 |
| *7. TEAMWORK* | 1 |
| *8. INITIATIVE* | 2 |
| *9. DEPENDABILITY* | 2 |
| TOTAL *(Add lines 1-9)* | 17 |
| AVERAGE *(TOTAL ÷ 9)* | 1.89 |

| OVERALL RATING (use scale to right) | 2 |
|---|---|

## OVERALL RATING SCALE

| |
|---|
| 1 Outstanding 1.00 – 1.49 |
| 2 Above Expectations 1.50 – 2.49 |
| 3 Meets Expectations 2.50 – 3.49 |
| 4 Below Expectations 3.50 – 4.49 |
| 5 Unacceptable 4.50 – 5.00 |

## OVERALL COMMENTS

| Employee Comments | Manager Comments: |
|---|---|
| | |

[(3) Presentation/culinary Skills – [illegible]]

## DEVELOPMENTAL GOAL

| Developmental Goal | Results To Be Accomplished | Related Competencies | Timeframe |
|---|---|---|---|
| (1) Supervisor Training<br>(2) Production MTG | (1) Leadership communication skills<br>(2) Organization & planning solutions | Technical Skill | Fall 2019<br>TBD |

*SIGNATURES*

Employee: Adrian Santiago Date:______ Supervisor: [signature] Date: 4/25/19

Witnesses

Nino Marrero
203-514-1763

Tyquon Schedrick
2035229256