UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Adrian Santiago, | : | Docket No. 3:21-cv-00534-AWT |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| Sodexo, Inc. | : | |
| *Defendant* | : | |
| | : | August 12, 2021 |

## SODEXO'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

Defendant, Sodexo, Inc., hereby files this memorandum of law in support of its Motion to Dismiss the Complaint filed by Plaintiff, Adrian Santiago, in its entirety because (1) it fails to state a claim upon which relief may be granted and (2) it was not timely served.

As discussed below, Plaintiff's race, color, and national origin discrimination claims and his retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et. seq.* ("Title VII") must be dismissed because Plaintiff has failed to plead that he suffered an adverse employment action, much less one that occurred under circumstances giving rise to an inference of discrimination or retaliation.  At most, Plaintiff alleges that he received a constructive counseling notice, which is decidedly not an adverse employment action for purposes of a Title VII discrimination or retaliation claim.  Even so, the Complaint demonstrates that Plaintiff was treated the same as an employee outside the protected classes, and that Plaintiff's supervisor treated Plaintiff favorably both before and after he allegedly engaged in protected activity.

Plaintiff's Title VII hostile work environment claim must also be dismissed because the Complaint alleges only two sporadic comments related to Plaintiff's race, color, or national origin. Such allegations fall far short of the pleading standard for hostile work environment claims, which requires "facts sufficient to support the conclusion that [Plaintiff] was faced with harassment . . . .

of such quality or quantity that a reasonable employee would find the conditions of [his] employment altered for the worse."  *See Maines v. Last Chance Funding, Inc.*, No. 2:17-cv-05453 (ADS), 2018 U.S. Dist. LEXIS 162073, at *27 (E.D.N.Y. Sept. 21, 2018) (omission in original) (quoting *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007)).

Additionally, Sodexo notes that Plaintiff's Complaint was not timely served in accordance with Federal Rule of Civil Procedure 4(m), which requires that service of the summons must be made within 90 days after the complaint is filed in court.  Plaintiff filed his Complaint on April 19, 2021, but a process receipt was not signed until July 20, 2021, and Sodexo did not receive the same along with Plaintiff's request to Waive Service of Summons until July 22, 2021.  Plaintiff should be required to demonstrate good cause for this failure to comply with Rule 4(m) to save his claim from dismissal.

## I.     ALLEGATIONS OF THE COMPLAINT

### A.  Allegations Regarding Settlement Should Be Stricken From the Complaint

As an initial matter, the Complaint contains details about a confidential mediation that occurred while this matter was pending before the Equal Employment Opportunity Commission ("EEOC") (*See* Docket Entry No. 1, pp. 32-38.)  Such information should not be considered as part of this Motion and should be stricken from the Complaint because it is inadmissible pursuant to Federal Rule of Evidence 408.  *See Smith v. New Line Cinema*, No. 03 Civ. 5274(DC), 2004 U.S. Dist. LEXIS 18382, at *15 (S.D.N.Y. Sept. 13, 2004) ("'Settlement discussions are inadmissible to show fault under Fed. R. Evid. 408 and accordingly may be stricken from a complaint as immaterial and potentially prejudicial.' . . . The references in the complaint to monetary amounts allegedly offered to settle [plaintiff's] claims are therefore stricken from the complaint pursuant to Fed. R. Civ. P. 12(f)." (citation omitted)).

B.  Plaintiff Is Hired by Sodexo as a Cook II and Evaluated Favorably

On or about March 8, 2019, Plaintiff was hired by Sodexo as a Cook II stationed at Fairfield University.  (Compl, p. 53.) Plaintiff identifies as African American and Hispanic. (*Id.*, p. 54.)

Plaintiff's first performance evaluation was favorable.  (*See id.*, p. 61.)  In the September 25, 2019 document issued by Plaintiff's supervisor and Senior Catering Executive Chef, Nick Pawlowski, Plaintiff was rated as "above expectations" and described as trustworthy and accountable. (*Id.*)

C.  The Alleged Handful of Comments Made to Plaintiff and Others

To the best of Sodexo's reading of the Complaint, Plaintiff claims that the following handful of comments were made to him and others in the fall of 2019:

- On September 21, 2019, a fellow Cook II, Matthew Cuminotto, and Senior Food Supervisor, Adam Zikaras, allegedly stated to Plaintiff "This is America Speak English". Mr. Cuminotto also allegedly said "None of that Spanish Speaking." (*Id.*, p. 13.)  Plaintiff does not allege that Mr. Cuminotto or Mr. Zikaras ever made such comments to him again. (*See generally* Compl.) Plaintiff identifies both Mr. Cuminotto and Mr. Zikaras as Caucasian. (*Id.*, p. 13.)

- Also on September 21, 2019, Mr. Zikaras was allegedly rude to Plaintiff and other employees, including two Caucasian employees. (*Id.*, pp. 13-14.) Mr. Pawlowski assured Plaintiff that he would speak to Mr. Zikaras. (*Id.*, p. 13.)  Included with Plaintiff's Complaint is the position statement filed by Sodexo in response to Plaintiff's EEOC Charge. (*See id.*, p. 15.)  Therein, Sodexo confirmed that Mr. Pawlowski met with Plaintiff and Mr. Zikaras and that Mr. Zikaras apologized to Plaintiff.  (*Id.*, p. 15.)  Plaintiff does not contest that this occurred. (*See generally* Compl.)  Notably, Plaintiff received the favorable performance evaluation from Mr. Pawlowski after this incident.  (*See id.*, p. 61.)

- On September 25, 2019, Mr. Zikaras allegedly said "very demeaning and rude things" to Plaintiff after Plaintiff stated that he received a "good" evaluation.  (*Id.*, p. 15.) The Complaint does not provide any further description of the alleged conduct.  (*See id.*)

- On a single occasion on an unknown date, Mr. Zikaras allegedly said "you people with your black shit, get out of the way".  Mr. Zikaras also allegedly talked about Jesus not being "real" and made other comments about the religious beliefs of one of Plaintiff's

coworkers. Also on some unknown date, Mr. Cuminotto allegedly referred to one of Plaintiff's coworkers as a "fat piece of shit." (*Id.*, pp. 19-20.)

Plaintiff alleges that, in October or November of 2019, he complained to Mark Spizzoucco, Operations Manager III, about Mr. Zikaras' "cursing and open humiliation toward [Plaintiff]." Mr. Spizzoucco advised Plaintiff that Mr. Zikaras was being trained. (*Id.*, p. 53.)

On or about November 25, 2019, Plaintiff also reported to Human Resources that Mr. Zikaras and Mr. Cuminotto were "interjecting into [his] work, cursing [him] out, and secluding [him] so others would not witness it." (*Id.*, p. 53.) Plaintiff was told that an investigation would be conducted. (*Id.*, p. 24.)  Documents included with the Complaint show that Human Resources provided guidance to Plaintiff but could not get in touch with him in the few weeks thereafter. (*Id.*, p. 26.)  Plaintiff also claims he could not thereafter get in touch with Human Resources but later acknowledges that he had a 20-minute conversation with Daria Mauro on or about January 27, 2020. (*See id.*, p. 26.)[1]

Nonetheless, Plaintiff admits that Mr. Spizzoucco told Mr. Cuminotto not to interfere with Plaintiff's work. (*Id.*, p. 53.)

### D. Plaintiff and Mr. Cuminotto Receive Written Counseling Regarding Their Working Relationship

On February 28, 2020, Mr. Cuminotto reported that Plaintiff refused to make cookies that were needed "on the fly." (*Id.*, p. 18.) Mr. Pawlowski responded by telling Mr. Cuminotto that he and Plaintiff "have to get along in order for the operation to be successful." (*Id.*)  Both Plaintiff and Mr. Cuminotto were told to "be respectful of each other and watch their body language and how they respond to each other." (*Id.*)  According to Mr. Pawlowski's email that is incorporated into the Complaint, Plaintiff and Mr. Cuminotto "shook hands at the end of [their] meeting and

---

[1] Plaintiff also accuses the EEOC of not conducting an adequate investigation into his claims. (*See id.*, p. 41.)

said they [would] work on it." (*Id.*)

As problems with communication persisted, both employees later received written constructive counseling regarding their working relationship. (*See id.*, pp. 21-22) (noting that Mr. Cuminotto's behavior was also considered "unacceptable" and that "Matt must maintain a professional and cohesive work relationship with all co-workers, staff, management and clients"); (*see also id.*, p. 52) ("Mr. Santiago and his coworker both received the same constructive counseling notice following their poor interactions.").

E.   Plaintiff is Offered Work Following the COVID-19 Pandemic Shutdown and His Filing of an EEOC Charge

On June 20, 2020, Plaintiff filed a Charge with the EEOC alleging that the previously described interactions with Mr. Cuminotto and Mr. Zikaras occurring between September of 2019 and February of 2020 and the constructive counseling notice constituted race and color discrimination and retaliation for engaging in protected activity. (*See* Compl. pp. 53-54.) On January 19, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights, stating that it had examined Plaintiff's Charge and the evidence submitted and was "unable to conclude that the information establishes a violation of Federal law on the part of" Sodexo. (*Id.*, p. 7.)

Notably, as work became available following the COVID-19 shutdown and Plaintiff's filing of an EEOC Charge, Mr. Pawlowski offered it to Plaintiff. (*See id.*, p. 39.)  For example, on September 14, 2020—after Plaintiff filed his EEOC Charge—Mr. Pawlowski emailed Plaintiff stating that there was full time work available for Plaintiff in the quarantine meal program. (*Id.*)

F.   Plaintiff Did Not Serve the Complaint Within 90 Days of Its Filing

Plaintiff filed the instant Complaint in this Court on April 19, 2021.  (*See* Docket Entry No. 1.)  A process receipt was not received by the United States Marshal until July 20, 2021, which

was more than 90 days after filing, and Sodexo did not receive that or the Notice of Lawsuit and Request to Waive Service of Summons until July 22, 2021.  (*See* Exhibit A.)

## II.     DISCUSSION

### A.   Standard of Review

#### 1.   Rule 12(b)(5) Motions to Dismiss

"Rule 12(b)(5) authorizes dismissal of a complaint for insufficient service of process upon motion by a defendant made prior to the defendant's filing an answer." *Forte v. Lutheran Augustana Extended Care & Rehab. Ctr.*, No. 09-CV-2358 (RJD) (JMA), 2009 U.S. Dist. LEXIS 114939, at *7 (E.D.N.Y. Dec. 8, 2009).  "When a defendant raises a challenge to the sufficiency of service of process, 'the plaintiff bears the burden of proving its adequacy.'" *Id.*  "In analyzing a motion to dismiss pursuant to Rule 12(b)(5) for insufficient service of process, the Court is entitled to look outside the four corners of the complaint to determine whether it has jurisdiction." *Bugliotti v. Republic of Arg.*, 2021 U.S. Dist. LEXIS 62770, at *8 (S.D.N.Y. Mar. 31, 2021). Inadequate service is not remedied by the fact that the named defendants have notice of the lawsuit. *See McKibben v. Credit Lyonnais*, 98 Civ. 3358 (LAP), 1999 U.S. Dist. LEXIS 12310, at *7 (S.D.N.Y. Aug. 19, 1999).

#### 2.   Rule 12(b)(6) Motions to Dismiss

The function of a motion to dismiss under Rule 12(b)(6) is to "assess the legal feasibility of the complaint . . . ." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 775, 779 (2d Cir. 1984) (quoting *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980)).  The Court must construe the complaint liberally, accepting as true all of the factual allegations set out in plaintiff's complaint and drawing all reasonable inferences in plaintiff's favor. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) (quoting *Chase Group Alliance LLC v. City of*

*New York Department of Finance*, 620 F.3d 146, 148 (2d Cir. 2010)).  Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Hutchison v. CBRE Realty Finance, Inc.*, 638 F. Supp. 2d 265, 270 (D. Conn. 2009) (quoting *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009)).  Thus, to survive a motion to dismiss, a complaint:

> [M]ust contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . .  The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Logan v. Sectek*, 632 F. Supp. 2d 179, 182 (D. Conn. 2009) (omissions in original) (quoting *Iqbal*, 129 S. Ct. at 1949-50).

    3.   Analysis of *Pro Se* Complaints

Per the District of Connecticut's Local Rules, Plaintiff has been served with the required notice of this Motion.  (*See* Exhibit B.)

"Although a *pro se* complaint must be liberally construed to raise the strongest arguments they suggest, *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007), '*pro se* parties are not excused from abiding by the Federal Rules of Civil Procedure.' *Wilks v. Elizabeth Arden, Inc.*, 507 F.Supp. 2d 179, 185 (D.Conn. 2007)."  *Gonzalez v. Option One Mortg. Corp.*, No. 3:12-CV-1470 (CSH), 2014 U.S. Dist. LEXIS 76789, at *44-45 (D. Conn. June 3, 2014).  *Pro se* parties are required to inform themselves of and comply with procedural rules, in particular, "the minimal standards of notice pleading under Rule 8, Fed. R. Civ. P." *Id.* at 45 (citing *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995); *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)).  "[T]he rule in favor

of liberal construction cannot save *pro se* litigants who do not present cognizable arguments." *Collins v. Blumenthal*, 581 F. Supp. 2d 289, 291 (D. Conn. 2008).  "[T]he Court need not engage in 'rank speculations' to manufacture a federal claim for *pro se* plaintiffs . . . ."  *Gonzalez*, 2014 U.S. Dist. LEXIS 76789, at *16 (citing *Ford v. New Britain Trans. Co*., No. 3:03cv150 (MRK), 2005 U.S. Dist. LEXIS 42217, 2005 WL 1785269, at *1 (D. Conn. July 26, 2005)).

B. Plaintiff Has Failed to Plead Facts to Support a Plausible Title VII Discrimination or Retaliation Claim

Dismissal is appropriate because Plaintiff has "failed to allege even the basic elements of a discriminatory [or retaliatory] action claim."  *Patane*, 508 F.3d 106 at 112 n.3 (2d Cir. 2007) (affirming dismissal of gender discrimination claim where plaintiff did "not allege that she was subject to any specific gender-based adverse employment action by . . . defendants, nor does it set forth any factual circumstances from which a gender-based motivation for such an action might be inferred"). Specifically, Plaintiff has not plausibly alleged that he suffered an adverse employment action, much less that any such action occurred under circumstances giving rise to an inference of discrimination or retaliation.  *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (setting forth the *prima facie* elements of a Title VII discrimination claims); *Galdieri-Ambrosini v. Nat'l Realty & Dev. Corp*., 136 F.3d 276, 292 (2d Cir. 1998) (setting forth the *prima facie* elements of a retaliation claim).

1. Plaintiff Has Not Pleaded Any Facts Demonstrating That He Suffered an Adverse Employment Action.

For purposes of a Title VII discrimination claim, an adverse employment action is a "materially adverse change in the terms and conditions of employment," such as "termination; demotion via a reduced wage, salary, or job title; a material loss of benefits; or significantly reduced responsibilities." *Gibson v. Conn. Judicial Dep't Court Support Services Div.*, No. 3:05-

cv-1396 (JCH), 2007 U.S. Dist. LEXIS 30950, at *13 (D. Conn. Apr. 25, 2007) (quoting *Fairbrother v. Morrison*, 412 F.3d 39, 56 (2d Cir. 2005)); (citing *Demoret v. Zegarelli*, 451 F.3d 140, 151 (2d Cir. 2006)); *see also Thomas v. Fivestar Elec.*, No. 18-cv-3691 (AJN) (RWL), 2019 U.S. Dist. LEXIS 144838, at *46-47 (S.D.N.Y. August 23, 2019).

Mere issuance of a written warning is not an adverse employment action for purposes of a discrimination claim. *See Mack v. JP Morgan Chase Bank, NA*, 2016 U.S. Dist. LEXIS 44832, at *32 (S.D.N.Y. Mar. 24, 2016) (finding that performance plans and written warning did not constitute adverse employment action and noting that "[i]t is well-established in this Circuit that 'criticism of an employee (which is part of training and necessary to allow employees to develop . . .) is not an adverse employment action.'") (quoting *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570 (2d Cir. 2011)).

Even under the standard for retaliation claims articulated in *Burlington Northern & Santa Fe Ry. v. White*, written warnings are not adverse employment actions. *See* 548 U.S. 53, 68 (2006) ("[A] plaintiff must show that a reasonable employee would have found the challenged action materially adverse, 'which in this context means it well might have "dissuaded a reasonable worker" from making or supporting a charge of discrimination.'. . . .  And normally petty slights, minor annoyances, and simple lack of good manners will not create such deterrence." (internal citations and quotations omitted). Indeed, in *Haggood v. Rubin & Rothman, LLC*, the court dismissed a retaliation claim in part because "reprimands and criticisms by supervisors" and altercations with supervisors are not adverse actions.  No. 14-cv-341 (SJF) (AKT), 2014 U.S. Dist. LEXIS 161674, at *37-38 (E.D.N.Y. Nov. 17, 2014); *see also Witkowich v. U.S. Marshals Serv.*, 2010 U.S. Dist. LEXIS 32548, at *10 (S.D.N.Y. Mar. 31, 2010), *aff'd*, 424 F. App'x 20, 22 (2d

Cir. 2011)) (granting summary judgment on a retaliation claim in part because "reprimands and criticisms" from a supervisor are not materially adverse employment actions).

At most, Plaintiff alleges that he received a constructive counseling notice regarding his interactions with Mr. Cuminotto. Even assuming for the sake of argument that such counseling notice was issued for impermissible reasons, which it was not, it did not amount to an adverse employment action. *See Mack, Haggood, Witkowich, supra.* Accordingly, Plaintiff's Title VII discrimination and retaliation claims should be dismissed.

> 2. Plaintiff Has Failed to Plead Any Facts Supporting an Inference of Discrimination or Retaliation.

Even if Plaintiff has pleaded an adverse employment action, which he has not, his Complaint must still be dismissed because it contains no facts supporting an inference that such adverse employment action occurred under circumstances giving rise to an inference of discrimination or retaliation.

First, Mr. Cuminotto, who is Caucasian and is not alleged to have engaged in any protected activity, also received constructive counseling for his actions toward Plaintiff. (*See* Compl. 21-22, 52); *Timble v. Eli Lilly & Co.*, No. 3:08CV00979 (PCD), 2010 U.S. Dist. LEXIS 143434, at *30 (D. Conn. July 14, 2010) ("That employees outside of the protected class were treated in the same way as Plaintiff works against an inference of discrimination." (citing *Grady v. Affiliated Cent.*, 130 F.3d 553, 561 (2d Cir. 1997)). Indeed, the Complaint is replete with information demonstrating that Mr. Pawlowski and Mr. Spizzoucco responded to Plaintiff's concerns about Mr. Cuminotto (and Mr. Zikaras for that matter) and took appropriate action. (*See* Compl., p. 18) (discussing a meeting that Mr. Pawlowski held with Mr. Cuminotto and Mr. Zikaras); (*Id.*, p. 53) (Plaintiff admitting that Mr. Spizzoucco counseled Mr. Cuminotto not to "interfere" with

Plaintiff's work and that he was told Mr. Zikaras was being trained).

Second, it does not logically follow that the same supervisor, Mr. Pawlowski, who issued Plaintiff a favorable evaluation in September of 2019 suddenly developed a race, national origin, and color-based animus five months later when the constructive counseling notice was issued. *See Kalola v. IBM*, 13 Civ. 7339 (VB) (LMS), 2017 U.S. Dist. LEXIS 29945, at *33 (S.D.N.Y. Feb. 28, 2017) (noting that a history of favorable performance ratings undercuts an inference that subsequent unfavorable rating was discriminatory).

Third, the fact that Plaintiff received the favorable performance evaluation *after* complaining about Mr. Zikaras (to the extent such complaint could be considered protective activity, which it was not) and the fact that Mr. Pawlowski recalled Plaintiff for full-time work *after* he filed his EEOC Charge negate any inference of retaliatory intent. *See Wiest v. Tyco Elecs. Corp.*, 812 F.3d 319, 332 n.8 (3d Cir. 2016) (citing cases for the proposition that favorable treatment after the alleged protected activity is inconsistent with an inference of retaliation).

For these additional reasons, Plaintiff's Complaint should be dismissed.

C. Plaintiff Has Failed to Plead a Plausible Hostile Work Environment Claim Under Title VII

"To plead a hostile work environment claim, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that it creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) *creates such an environment because of the plaintiff's protected characteristic." Maines,* 2018 U.S. Dist. LEXIS 162073, at *26 (emphasis added) (quoting *Placide-Eugene v. Visiting Nurse Serv. of New York*, No. 12-cv-2785, 2013 U.S. Dist. LEXIS 76240, 2013 WL 2383310, at *12 (E.D.N.Y. May 30, 2013) (Spatt, J.)).  To avoid dismissal under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead

'"facts sufficient to support the conclusion that [he] was faced with "harassment . . . . of such quality or quantity that a reasonable employee would find the conditions of [his] employment altered for the worse."'" *Id.* at \*27 (quoting *Patane*, 508 F.3d at 113).

Plaintiff has failed to meet this pleading standard even taking his allegations as true for the purposes this Motion. The only comments that Plaintiff alleges Mr. Cuminoto or Mr. Zikaras made that could be attributed to Plaintiff's race, national origin, or color are: 1) the September 21, 2019 alleged comments that "This is America Speak English" and "None of that Spanish Speaking"; and 2) Mr. Zikaras allegedly stating on an unknown date "you people with your black shit, get out of the way". (*See generally* Compl., and pp. 13, 19.)[2]

"Isolated comments such as these, without more, are insufficient to support a hostile work environment claim. . . . '[T]wo instances of somewhat irreverent comments over the course of a year are simply insufficiently severe or pervasive to create an objectively hostile work environment.'" *See* Maines, 2018 U.S. Dist. LEXIS 162073, at \*31-32 (citation omitted) ; *see also Chandler v. Amr Am. Eagle Airline*, 251 F. Supp. 2d 1173, 1185 (E.D.N.Y. 2003) (three instances of plaintiff being called a "f\*\*\*ing old man" were insufficient to sustain a hostile work environment claim); *Rys v. Grimm*, No. 6:19-CV-1251 (FJS/ATB), 2021 U.S. Dist. LEXIS 40519, at \*10 (N.D.N.Y. Mar. 4, 2021) (dismissing hostile work environment claim, in part, because the

---

[2] The remaining alleged conduct has no connection to race, color, or national origin and/or was not even directed at Plaintiff, i.e., generalized allegations of "rude and demeaning" behavior, alleged comments about Jesus not being "real" and other religious references, and one of Plaintiff's co-workers being referred to as a "fat piece of shit." (*See* Compl., pp. 15, 19-20.)  Accordingly, these alleged comments cannot be used to support a hostile work environment claim. Indeed, "Title VII . . . is not a shield against harsh treatment at the workplace." *Shabat v. Blue Cross Blue Shield*, 925 F. Supp. 977, 984 (W.D.N.Y. 1996) (quoting *McCollum v. Bolger*, 794 F.2d 602, 610 (11th Cir. 1986), cert. denied, 479 U.S. 1034 (1987)). Thus, it is axiomatic that a Plaintiff "must produce evidence that [he] was discriminated against because of h[is] race", color, or national origin. *Richardson v. New York State Dep't of Correction Serv.*, 180 F.3d 426, 440 (2d Cir. 1999). Such "race-related" conduct "is a fundamental and necessary element of a hostile environment claim under Title VII." *Hill v. Pinkerton Sec. & Investigation Servs., Inc.*, 977 F. Supp. 148, 157 (D. Conn. 1997) (citing *Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 20 (1993)).

"alleged 'intimations and insinuations' seem at best to be infrequent off-hand remarks" (citing *Bembry v. Darrow*, 97 F. Supp. 2d 281, 287 (N.D.N.Y. 2000)).

Accordingly, Plaintiff's hostile work environment claim should be dismissed.

D. <u>Plaintiff's Complaint Was Not Timely Served in Accordance with Rule 4(m)</u>

Rule 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Complaint was filed on April 19, 2021.  Ninety days from that date was Sunday, July 18, 2021.  Sodexo did not receive a process receipt or a Notice of Lawsuit and Request to Waive Service of Summons form until July 22, 2021. (*See* Exhibit A.)  To maintain his claims, Plaintiff should be required to demonstrate that good cause exists for his failure to comply with Rule 4(m), and Sodexo reserves its right to respond to any such arguments in its reply brief.  *See Zapata v. City of New York*, 502 F.3d 192, 199 (2d Cir. 2007) (finding no abuse of discretion where the district court dismissed an action served four days late because the plaintiff "made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and . . . advanced no cognizable excuse for the delay").

**III.    CONCLUSION**

For all of the foregoing reasons, Plaintiff's Complaint should be dismissed in its entirety.

DEFENDANT,
SODEXO, INC.


By:    */s/ Allison P. Dearington*
Allison P. Dearington (ct 29277)
Jackson Lewis P.C.
90 State House Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
allison.dearington@jacksonlewis.com

## <u>CERTIFICATION OF SERVICE</u>

        This is to certify that on the August 12, 2021, a copy of the foregoing was filed electronically. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may access this filing through the Court's system.

        */s/Allison P. Dearington*

        Allison P. Dearington

# EXHIBIT A

7/22/21   Emailed   to Kimberly S

®

ORIGIN ID:EFBA    (203) 773-2107
JENNIFER CHIAPPONE

141 CHURCH STREET
MEZZANINE
NEW HAVEN, CT 06510
UNITED STATES US

SHIP DATE: 20JUL21
ACTWGT: 0.10 LB
CAD: 106380682/INET4400

BILL SENDER

TO **SODEXO INCORTATED**

**9801 WASHINGTON BOULEVARD**

**GAITHERSBURG MD 20878**

(203) 773-2107          REF
INV
PO                          DEPT

560-00266FE4A



FedEx
Express

E

---

FRI - 23 JUL 4:30P
EXPRESS SAVER

TRK# **7743 0539 1840**
0201

**4Z QGATQ**

20878
MD-US   **BWI**



N3VB
QGATQ      R 203 06:28 SH-ID 92
9801            WASHINGTONIAN
GAITHERSBURG,MD

**247-2010**   20878-5355-99
EIP:4
7743D5391840   PO-SP:92 v



TRACK ANOTHER SHIPMENT

774305391840

ADD NICKNAME

## Delivered
## Thursday, July 22, 2021 at 12:00 pm



**DELIVERED**
Signed for by: L.LEE

GET STATUS UPDATES
OBTAIN PROOF OF DELIVERY

| FROM | TO |
|---|---|
| New Haven, CT US | GAITHERSBURG, MD US |

## Travel History

**TIME ZONE**
Local Scan Time

**Thursday, July 22, 2021**

| 12:00 PM | GAITHERSBURG, MD | Delivered |
|---|---|---|
| 11:18 AM | GAITHERSBURG, MD | Delivered |
| 7:06 AM | GAITHERSBURG, MD | On FedEx vehicle for delivery |
| 6:28 AM | GAITHERSBURG, MD | At local FedEx facility |

**Wednesday, July 21, 2021**

| 8:02 PM | HAGERSTOWN, MD | Arrived at FedEx hub |
|---|---|---|
| 9:38 AM | MIDDLETOWN, CT | Departed FedEx hub |
| 6:02 AM | MIDDLETOWN, CT | Arrived at FedEx hub |

**Tuesday, July 20, 2021**

| 6:02 PM | NORTH HAVEN, CT | Picked up |
|---|---|---|
| 10:59 AM | | Shipment information sent to FedEx |

Shipment Facts

**TRACKING NUMBER**
774305391840

**SERVICE**
FedEx Express Saver

**WEIGHT**
0.5 lbs / 0.23 kgs

**DELIVERED TO**
Shipping/Receiving

**TOTAL PIECES**
1

**TOTAL SHIPMENT WEIGHT**
0.5 lbs / 0.23 kgs

**TERMS**
Shipper

**PACKAGING**
FedEx Envelope

**SPECIAL HANDLING SECTION**
Deliver Weekday

**SHIP DATE**
7/20/21 ⑦

**STANDARD TRANSIT**
7/23/21 before 4:30 pm ⑦

**ACTUAL DELIVERY**
7/22/21 at 12:00 pm

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Adrian Santiago, | : | Docket No. 3:21-cv-00534-AWT |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| Sodexo, Inc. | : | |
| *Defendant* | : | |
| | : | August 12, 2021 |

### <u>Notice to Self-Represented Litigant Concerning Motion to Dismiss</u><br>### <u>(As Required by Local Rule 12(a))</u>

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion to dismiss asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need to proceed with these claims because they are subject to dismissal for the reasons stated in the motion.

**THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE OPPOSITION PAPERS AS REQUIRED BY RULE 12 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND IF THE DEFENDANT'S MOTION SHOWS THAT THE DEFENDANT IS ENTITLED TO DISMISSAL OF ANY OR ALL OF YOUR CLAIMS. COPIES OF RELEVANT RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.**

The papers you file must show that (1) you disagree with the defendant's arguments for dismissal, and (2) that the allegations of your complaint are sufficient to allow this case to proceed. If you would like to amend your complaint under Rule 15 of the Federal Rules of Civil Procedure in order to respond to the alleged deficiencies in your complaint asserted by the defendant, you may promptly file a motion to amend your complaint, but you must attach your proposed amended complaint to the motion.

It is very important that you read the defendant's motion and memorandum of law to see if you agree or disagree with the defendant's motion. It is also very important that you review the enclosed copies of Rule 12 of the Federal Rules and Local Rule 7 carefully. You must file your opposition papers (and any motion to amend) with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. (If you e-file under the Court's Electronic Filing Policies and Procedures, you do not need to separately mail a copy of your opposition papers to the defendant's counsel.) If you require additional time to respond to the motion to dismiss, you must file a motion for extension of time, providing the Court with good reasons for the extension and with the amount of additional time you require.

If you are confined in a Connecticut correctional facility, you must file your opposition papers and any motion to amend using the Prisoner Efiling Program and are not required to mail copies to the defendant's counsel.

DEFENDANT,
SODEXO, INC.


By:    /s/ Allison P. Dearington
       Allison P. Dearington (ct 29277)
       Jackson Lewis P.C.
       90 State House Square, 8th Floor
       Hartford, CT  06103
       Tel: (860) 522-0404
       Fax: (860) 247-1330
       allison.dearington@jacksonlewis.com

## <u>CERTIFICATION OF SERVICE</u>

   This is to certify that on the August 12, 2021, a copy of the foregoing was filed

electronically. Notice of this filing will be sent by email to all parties by operation of the Court's

electronic filing system [or by mail to anyone unable to accept electronic filing].  Parties may

access this filing through the Court's system.


           */s/Allison P. Dearington*
           Allison P. Dearington

# USCS Fed Rules Civ Proc R 12, Part 1 of 5

Current through changes received July 13, 2021.

*USCS Federal Rules Annotated  >  Federal Rules of Civil Procedure  >  Title III. Pleadings and Motions*

## Rule 12. Defenses and Objections: when and How Presented; Motion for Judgment on the Pleadings; Consolidating Motions; Waiving Defenses; Pretrial Hearing

**(a) Time to Serve a Responsive Pleading.**

**(1)** *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:

**(A)** A defendant must serve an answer:

**(i)** within 21 days after being served with the summons and complaint; or

**(ii)** if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States.

**(B)** A party must serve an answer to a counterclaim or crossclaim within 21 days after being served with the pleading that states the counterclaim or crossclaim.

**(C)** A party must serve a reply to an answer within 21 days after being served with an order to reply, unless the order specifies a different time.

**(2)** *United States and Its Agencies, Officers, or Employees Sued in an Official Capacity.* The United States, a United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney.

**(3)** *United States Officers or Employees Sued in an Individual Capacity.* A United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the officer or employee or service on the United States attorney, whichever is later.

**(4)** *Effect of a Motion.* Unless the court sets a different time, serving a motion under this rule alters these periods as follows:

**(A)** if the court denies the motion or postpones its disposition until trial, the responsive pleading must be served within 14 days after notice of the court's action; or

**(B)** if the court grants a motion for a more definite statement, the responsive pleading must be served within 14 days after the more definite statement is served.

**(b) How to Present Defenses.** Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

**(1)** lack of subject-matter jurisdiction;

**(2)** lack of personal jurisdiction;

Carolyn Trotta

USCS Fed Rules Civ Proc R 12, Part 1 of 5

**(3)** improper venue;

**(4)** insufficient process;

**(5)** insufficient service of process;

**(6)** failure to state a claim upon which relief can be granted; and

**(7)** failure to join a party under Rule 19.

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

**(c) Motion for Judgment on the Pleadings.** After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.

**(d) Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

**(e) Motion for a More Definite Statement.** A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

**(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act:

**(1)** on its own; or

**(2)** on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

**(g) Joining Motions.**

**(1)** *Right to Join.* A motion under this rule may be joined with any other motion allowed by this rule.

**(2)** *Limitation on Further Motions.* Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

**(h) Waiving and Preserving Certain Defenses.**

**(1)** *When Some Are Waived.* A party waives any defense listed in Rule 12(b)(2)–(5) by:

**(A)** omitting it from a motion in the circumstances described in Rule 12(g)(2); or

**(B)** failing to either:

**(i)** make it by motion under this rule; or

**(ii)** include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

**(2)** *When to Raise Others.* Failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim may be raised:

**(A)** in any pleading allowed or ordered under Rule 7(a);

**(B)** by a motion under Rule 12(c); or

**(C)** at trial.

**(3)** *Lack of Subject-Matter Jurisdiction.* If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

**(i) Hearing Before Trial.** If a party so moves, any defense listed in Rule 12(b)(1)–(7)—whether made in a pleading or by motion—and a motion under Rule 12(c) must be heard and decided before trial unless the court orders a deferral until trial.

## History

Amended March 19, 1948; July 1, 1963; July 1, 1966; Aug. 1, 1987; Dec. 1, 1993; Dec. 1, 2000; Dec. 1, 2007; Dec. 1, 2009.

USCS Federal Rules Annotated
Copyright © 2021 Matthew Bender & Company, Inc.
a member of the LexisNexis Group (TM) All rights reserved.

**End of Document**

# D. Conn. L. Civ. R. 7

This document reflects all changes received as of July 1, 2021

*CT - Connecticut State & Federal Court Rules  >  UNITED STATES DISTRICT COURT DISTRICT OF CONNECTICUT  >  LOCAL RULES OF CIVIL PROCEDURE*

# Rule 7. Motion Procedures

**(a)  Procedures**

**1.** Any motion involving disputed issues of law shall be accompanied by a memorandum of law, and shall indicate in the lower margin of the motion whether oral argument is requested. Failure to submit a required memorandum may be deemed sufficient cause to deny the motion.

**2.** Unless otherwise ordered by the Court, all opposition memoranda shall be filed within twenty-one (21) days of the filing of the motion, and shall indicate in the lower margin of the first page of such memorandum whether oral argument is requested. Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion, except where the pleadings provide sufficient grounds to deny the motion.

**3.** Nothing in this Rule shall require the Court to review portions of the record in response to a motion, where the moving and opposition papers do not make specific reference to such portions of the record. Notwithstanding that a request for oral argument has been made, the Court may, in its discretion, rule on any motion without oral argument.

**4.** To expedite a decision or for other good cause, the Court may rule on a motion before expiration of the period ordinarily permitted for filing opposition papers.

**5.** Except by order of the Court, memoranda shall be double-spaced (except headings, footnotes, and block quotes) and shall be no more than forty (40) 8 1/2" by 11" printed pages, exclusive of pages containing a table of contents, table of statutes, rules or the like. E-filed memoranda shall conform with the Electronic Filing Policies and Procedures. Unless otherwise ordered by the Court, text shall appear in at least 12 point font; footnotes shall appear in at least 10 point font. Any motion seeking permission to depart from these limitations shall be filed at least seven (7) days before the deadline for the filing of the memorandum at issue. A motion for permission not in compliance with this Rule will ordinarily be denied.

**6.** A party may request expedited consideration by the Court of a motion by designating the motion as one seeking "emergency" relief and demonstrating good cause in the motion.

**(b)  Motions for Extensions of Time**

**1.** All motions for extensions of time must be decided by a Judge and will not be granted except for good cause. The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension.

**2.** All motions for extensions of time shall include a statement of the movant that (1) the movant has inquired of all non-moving parties and there is agreement or objection to the motion, or that (2) despite diligent effort, including making the inquiry in sufficient time to afford nonmovant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s). All such motions shall also indicate the number of motions for extension of time that have previously been filed by the movant with respect to the same time limitation. The Court may rule on the motion, without notice, before expiration of the period ordinarily permitted for filing opposition papers, notwithstanding a

D. Conn. L. Civ. R. 7

report of objection. Any party may move within seven (7) days of an order granting a motion for extension of time to have the Court set aside the order for good cause. Agreement of the parties as to any extension of time does not by itself extend any time limitation or provide good cause for failing to comply with a deadline established by the Federal Rules of Civil Procedure, these rules, or the Court.

**3.**All motions for extension of time shall be filed at least three (3) business days before the deadline sought to be extended, except in cases in which compelling circumstances warranting an extension arise during the three days before the deadline. Any motion for extension of time filed fewer than three business days before the deadline sought to be extended shall, in addition to satisfying all other requirements of this Rule, set forth reasons why the motion was not filed at least three business days before the deadline in question.

**(c) Motions for Reconsideration**

**1.**Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order. In circumstances where such motions are appropriate, they shall be filed and served within seven

**(7)**days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the Court overlooked.

**2.**No response to a motion for reconsideration need be filed unless requested by the Court.

**3.**In all other respects, motions for reconsideration shall proceed in accordance with Rule 7(a) of these Local Rules.

**(d) Reply Memoranda**Reply memoranda are not required and the absence of a reply memorandum will not prejudice the moving party. Any reply memorandum, including cases brought under 28 U.S.C. § 2254 and 28 U.S.C. § 2255, must be filed within fourteen (14) days of the filing of the responsive memorandum to which reply is being made, as computed under Fed.R.Civ.P. 6. A reply memorandum may not exceed 10 pages. A reply memorandum must be strictly confined to a discussion of matters raised by, and must contain references to the pages of, the memorandum to which it replies. No sur-replies may be filed without permission of the Court, which may, in its discretion, grant permission upon a showing of good cause.

**(e) Withdrawals of Appearances**Withdrawals of appearances may be accomplished only upon motion, which normally will not be granted except upon a showing that other counsel has appeared or that the party whose counsel seeks to withdraw may and has elected to proceed without counsel, and that the party has received actual notice of the motion to withdraw. In cases where the party has failed to engage other counsel or file a personal appearance, where good cause exists for permitting the withdrawal by the appearing counsel, the Court may grant the motion to withdraw the appearance after notice to the party that failure to either engage successor counsel or file a personal appearance will result in the granting of the motion to withdraw and may result in a dismissal or default being entered against the party.

**(f) Motions to Amend Pleadings**Any motion to amend a party's pleading under Fed.R.Civ.P. 15(a) that requires leave of court shall (1) include a statement of the movant that: (i) the movant has inquired of all non-moving parties and there is agreement or objection to the motion; or (ii) despite diligent effort, including making the inquiry in sufficient time to afford non-movant a reasonable opportunity to respond, the movant cannot ascertain the position(s) of the non-movant(s), and (2) in cases in which the movant is represented by counsel, be accompanied by both a redlined version of the proposed amended pleading showing the changes proposed against the current pleading and a clean version of the proposed amended pleading.

CONNECTICUT RULES OF COURT

Carolyn Trotta