## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
------------------------------ x
ADRIAN SANTIAGO,                :
                                :
          Plaintiff,            :
                                :
v.                              :   Civil No. 3:21-cv-534(AWT)
                                :
SODEXO, INC.,                   :
                                :
          Defendant.            :
------------------------------ x
```

## ORDER RE MOTION TO DISMISS

For the reasons set forth below, Sodexo's Motion to Dismiss (ECF No. 18) is hereby GRANTED.

### I.

The plaintiff is proceeding pro se, and the defendant sent the required notice to self-represented litigant concerning a motion to dismiss. See Notice to Self-Represented Litigant Concerning Mot. Dismiss, ECF No. 17. Notwithstanding this fact, the plaintiff has not filed an opposition to the motion to dismiss.

The plaintiff brings claims for race, color, and national origin discrimination and for retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). He also brings a Title VII hostile work environment claim.

- 1 -

The defendant accurately summarizes the factual allegations in support of the plaintiff's claims. Sodexo's Mem. L. Supp. Mot. Dismiss, at 3–4, ECF No. 19. The plaintiff's relevant factual allegations are as follows:

> On September 21, 2019, a fellow Cook II, Matthew Cuminotto, and Senior Food Supervisor, Adam Zikaras, allegedly stated to Plaintiff "This is America Speak English". Mr. Cuminotto also allegedly said "None of that Spanish Speaking." Plaintiff does not allege that Mr. Cuminotto or Mr. Zikaras ever made such comments to him again. Plaintiff identifies both Mr. Cuminotto and Mr. Zikaras as Caucasian.

> Also on September 21, 2019, Mr. Zikaras was allegedly rude to Plaintiff and other employees, including two Caucasian employees. Mr. Pawlowski assured Plaintiff that he would speak to Mr. Zikaras. Included with Plaintiff's Complaint is the position statement filed by Sodexo in response to Plaintiff's EEOC Charge. Therein, Sodexo confirmed that Mr. Pawlowski met with Plaintiff and Mr. Zikaras and that Mr. Zikaras apologized to Plaintiff. Plaintiff does not contest that this occurred. Notably, Plaintiff received the favorable performance evaluation from Mr. Pawlowski after this incident.

> On September 25, 2019, Mr. Zikaras allegedly said "very demeaning and rude things" to Plaintiff after Plaintiff stated that he received a "good" evaluation. The Complaint does not provide any further description of the alleged conduct.

> On a single occasion on an unknown date, Mr. Zikaras allegedly said "you people with your black shit, get out of the way". Mr. Zikaras also allegedly talked about Jesus not being "real" and made other comments about the religious beliefs of one of Plaintiff's coworkers. Also on some unknown date, Mr. Cuminotto allegedly referred to one of Plaintiff's coworkers as a "fat piece of shit."

Sodexo's Mem. L. Supp. Mot. Dismiss, at 3-4 (citations omitted).

The plaintiff attaches to his complaint certain documentation that was submitted with his EEOC Complaint.

In February 2020, a disagreement between the plaintiff and Cuminotto led to Senior Catering Executive Chef, Nick Pawlowski, meeting with the two of them and telling them that they had to work together. Management held a mediation meeting with the plaintiff and Cuminotto on March 4, 2020. This meeting was preceded by a Constructive Counseling Notice to the plaintiff, dated March 2, 2020. That notice identified three possible types of constructive counseling: written coaching, written warning, and termination. The plaintiff's Constructive Counseling Notice showed that he was being given written coaching. Further, it stated: "[The plaintiff] must refrain immediately from any further inappropriate behavior as stated above. [Cuminotto] must maintain a professional and cohesive work relationship with all co-workers, staff, management and clients." Compl. at 21. Cuminotto received the same constructive counseling notice.

## II.

"'Although a pro se complaint must be liberally construed to raise the strongest arguments they suggest,' . . . 'pro se parties are not excused from abiding by the Federal Rules of

Civil Procedure.'" <u>Gonzalez v. Option One Mortg. Corp</u>., No. 3:12-CV-1470, 2014 WL 2475893, at *12 (D. Conn. June 3, 2014) (first quoting <u>Abbas v. Dixon</u>, 480 F.3d 636, 639 (2d Cir. 2007); then quoting <u>Wilks v. Elizabeth Arden, Inc.</u>, 507 F.Supp. 2d 179, 185 (D.Conn. 2007)). "<u>Pro</u> <u>se</u> litigants 'generally are required to inform themselves regarding procedural rules and to comply with them.'" <u>Id.</u> (quoting <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92 (2d Cir. 1995)). "In particular, <u>pro</u> <u>se</u> litigants are obligated to comply with the minimal standards of notice pleading under Rule 8, Fed. R. Civ. P." <u>Id.</u> (citing <u>Nielsen v. Rabin</u>, 746 F.3d 58, 62 (2d Cir. 2014)). "[T]he rule in favor of liberal construction cannot save <u>pro</u> <u>se</u> litigants who do not present cognizable arguments." "[T]he [c]ourt need not engage in 'rank speculations' to manufacture a federal claim for <u>pro</u> <u>se</u> plaintiffs[.]" <u>Id.</u> at *5 (citing <u>Ford v. New Britain Trans. Co</u>., No. 3:03 CV 150, 2005 WL 1785269, at *1 (D. Conn. July 26, 2005), <u>aff'd</u>, 239 F. App'x 670 (2d Cir. 2007)).

The plaintiff's Title VII discrimination and retaliation claims must be dismissed because he has not alleged facts sufficient to state any such claim, even under the liberal standard governing <u>pro</u> <u>se</u> complaints. Here, the only possible interpretation of the facts alleged in the complaint leads to

the conclusion that the plaintiff did not suffer an adverse
employment action.

An adverse employment action is an essential element of
both a Title VII discrimination claim and a Title VII
retaliation claim. In <u>Brown v. City of Syracuse</u>, the court
identified the elements of a Title VII discrimination claim as
follows: "To establish a claim of racial discrimination a
claimant 'must show: (1) he belonged to a protected class; (2)
he was qualified for the position he held; (3) he suffered an
adverse employment action; and (4) that the adverse employment
action occurred under circumstances giving rise to an inference
of discriminatory intent.'" <u>Brown v. City of Syracuse</u>, 673 F.3d
141, 150 (2d Cir. 2012) (quoting <u>Holcomb v. Iona College,</u> 521
F.3d 130, 138 (2d Cir. 2008)). In <u>Hicks v. Baines</u>, the court
identified the elements of a retaliation claim as: "(1)
participation in a protected activity; (2) that the defendant
knew of the protected activity; (3) an adverse employment
action; and (4) a causal connection between the protected
activity and the adverse employment action." <u>Hicks v. Baines</u>,
593 F.3d 159, 164 (2d Cir. 2010) (citations and internal
quotation marks omitted).

In a Title VII discrimination claim, "[a] plaintiff
sustains an adverse employment action if he or she endures a

materially adverse change in the terms and conditions of
employment." Galabya v. New York City Bd. of Educ., 202 F.3d
636, 640 (2d Cir. 2000) (citations and internal quotation marks
omitted). A materially adverse change in the terms and
conditions of employment "must be more disruptive than a mere
inconvenience or an alteration of job responsibilities," and it
"might be indicated by a termination of employment, a demotion
evidenced by a decrease in wage or salary, a less distinguished
title, a material loss of benefits, significantly diminished
material responsibilities, or other indices . . . unique to a
particular situation." Id. (citations and internal quotation
marks omitted). With respect to a Title VII retaliation claim,
"an adverse employment action is any action that 'could well
dissuade a reasonable worker from making or supporting a charge
of discrimination.'" Vega v. Hempstead Union Free Sch. Dist.,
801 F.3d 72, 90 (2d Cir. 2015) (quoting Burlington N. & Santa Fe
Ry. Co. v. White, 548 U.S. 53, 57, (2006)).

    "Verbal and written warnings generally do not constitute
adverse employment actions unless they lead to more substantial
employment actions that are adverse." Bader v. Special Metals
Corp., 985 F. Supp. 2d 291, 306 (N.D.N.Y. 2013) (citing
Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556,
559-70 (2d Cir. 2011). "[C]ourts in this circuit have found that

reprimands, threats of disciplinary action and excessive scrutiny do not constitute adverse employment actions in the absence of other negative results such as a decrease in pay or being placed on probation." Honey v. Cty. of Rockland, 200 F. Supp. 2d 311, 320 (S.D.N.Y. 2002). "[I]n the context of the issuance of a 'counseling memo,' . . . criticism of an employee (which is part of training and necessary to allow employees to develop, improve and avoid discipline) is not an adverse employment action." Tepperwien, 663 F.3d at 570 (citations and internal quotation marks omitted).

Here, the plaintiff alleges only that he received the Constructive Counseling Notice, which stated that it provided written coaching. Thus, even if the counseling notice was issued for impermissible reasons, it does not amount to an adverse employment action. See Risco v. McHugh, 868 F. Supp. 2d 75, 113 (S.D.N.Y. 2012) ("The preparation of two counseling memoranda, . . . is insufficient to establish a materially adverse action as a matter of law.") (citing Cody v. Cnty. of Nassau, 345 F. Appx. 717, 719 (2d Cir. 2009)).

The court also agrees with the defendant that the plaintiff has failed to plead facts supporting an inference of discrimination or retaliation for the reasons set forth at pages

10 to 11 of the defendant's memorandum. Sodexo's Mem. L. Supp. Mot. Dismiss, at 10-11.

The plaintiff has also failed to allege facts that state a hostile work environment claim. "To plead a hostile work environment claim, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that it creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's protected characteristic." Maines v. Last Chance Funding, Inc., No. 2:17-CV-05453, 2018 WL 4558408, at *9 (E.D.N.Y. Sept. 21, 2018) (citations and internal quotation marks omitted). The plaintiff must allege "'facts sufficient to support the conclusion that she [or he] was faced with harassment . . . of such quality or quantity that a reasonable employee would find the conditions of her [or his] employment altered for the worse.'" Id. (alteration in original) (quoting Patane v. Clark, 508 F.3d 106, 113 (2d Cir. 2007)).

The plaintiff has failed to meet this pleading standard. Although the plaintiff alleges a number of rude and demeaning comments, the only comments that could be attributed to his race, national origin or color are the allegations that

Cuminotto and Zikaras stated to the plaintiff on September 21, 2019, "[t]his is America Speak English," Compl. at 13, that Cuminotto stated to the plaintiff on the same day, "None of that Spanish Speaking," id., and that Zikaras stated, on an unknown date, "you people with your black shit, get out of the way". Id. at 19. However, "[g]enerally, unless an incident of harassment is sufficiently severe, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 102 (2d Cir. 2010) (citations and internal quotation marks omitted). See e.g., Maines, No. 2018 WL 4558408, at *11 ("Isolated comments [calling the plaintiff 'old' and 'dumb'], without more, are insufficient to support a hostile work environment claim."); Morris v. Bellevue Hosp. Ctr., No. 09-cv-5692, 2012 WL 5932784, at *6 (E.D.N.Y. Nov. 27, 2012) ("[T]wo instances of somewhat irreverent comments over the course of a year are simply insufficiently severe or pervasive to create an objectively hostile work environment.").

**III.**

For these reasons, the defendant's motion to dismiss is being granted. The Clerk shall enter judgment accordingly and close this case.

Signed this 26th day of January 2022, at Hartford,

Connecticut.

                                                   _____/s/ AWT_____
                                                     Alvin W. Thompson
                                       United States District Judge